829 So.2d 525 (2002)
STATE of Louisiana
v.
Sylvia R. McDOUGALD.
No. 02-KA-279.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*526 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
In this matter defendant, Sylvia McDougald, has appealed a trial court ruling which revoked her probation. We dismiss the appeal for lack of jurisdiction.
The record shows that defendant was charged on October 19, 1998, by bill of information with possession of Diazepam with intent to distribute. On November 11, 1998, defendant entered a plea of not guilty. On March 29, 1999, defendant withdrew her not guilty plea and entered a plea of guilty. She was given a sentence of five years at hard labor which was suspended. She was placed on active probation for a period of three years. As a condition of probation defendant was ordered to seek drug rehabilitation if deemed necessary by the probation department.
On February 18, 2000, the State filed a "Rule to Show Cause Why Probation Should Not Be Revoked or Amended." The matter was heard August 17, 2001, after which the trial court revoked defendant's probation and imposed the sentence of five years at hard labor with credit for one year served. It is from that judgment that defendant appeals.
The State of Louisiana filed a motion to dismiss the appeal in this court, asserting that a probation revocation judgment is not an appealable judgment. The motion correctly states the law that the revocation of a defendant's probation is subject to review in the appellate court by an application for supervisory writs, not by appeal. LSA-C.Cr.P. art. 912; State v. Anderson, 00-1181 (La.App. 5 Cir. 12/27/00), 776 So.2d 1289. On May 15, 2002, this Court issued an order to show cause by brief why this appeal should not be dismissed. The defendant responded with a letter admitting the lack of jurisdiction.
Since this Court's order of December 9, 1994, we will no longer convert improperly filed appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. Accordingly, the State's motion to dismiss the appeal is granted. However, we reserve the right of the defendant to file her application for writ of review within thirty days of the date of this opinion.
For the foregoing reasons, this appeal is hereby dismissed. The defendant shall have thirty days in which to pursue her assignments of error by means of an application for supervisory writ of review.
DISMISSED.