861 So.2d 186 (2003)
STATE ex rel. Truman CLAVELLE,
v.
STATE of Louisiana.
No. 2002-KH-1244.
Supreme Court of Louisiana.
December 12, 2003.
Donald W. North, Baton Rouge, for Applicant.
Truman Clavelle, pro se.
J. Phil Haney, Renee M. Louviere, Walter J. Senette, Jr., for Respondent.
*187 PER CURIAM.
In the present case, relator, unrepresented by counsel at his probation revocation hearing and uninformed of the time limits for seeking supervisory review, finds himself now seeking out-of-time writ review after his initial attempt to attack his revocation in post-conviction proceedings was denied on the merits by the district court but rejected in the appellate court on grounds that he had failed to file for supervisory review within 30 days of the revocation order. The court of appeal also took the view that post-conviction proceedings were otherwise not available to review a judgment revoking probation because such an order does not constitute a conviction for purposes of La.C.Cr.P. art. 930.3, providing grounds for post-conviction relief. State v. Clavelle, 01-1128 (La.App. 3rd Cir.11/14/01). Thereafter, when relator filed another application for post-conviction relief seeking out-of-time supervisory review of his probation revocation, the trial court and appellate court denied relief on grounds that no authority exists for reinstating a defendant's right to seek discretionary review in the courts of appeal. State v. Clavelle, 02-0054 (La.App. 3rd Cir.3/26/02).
We need not address the correctness of the latter ruling under our decision in State v. Counterman, 475 So.2d 336, 340 (La.1985), which recognized that a trial court "may grant post conviction relief reinstating defendant's constitutional right to appeal after the time for appealing has elapsed." No appeal lies from an order revoking probation, State v. Manuel, 349 So.2d 882 (La.1977); State v. Rexford, 95-0152, p. 2 (La.App. 1st Cir.6/28/95), 658 So.2d 27, 28, and while supervisory review provides a direct means for contesting the trial court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. State ex rel. Ratcliff v. State, 565 So.2d 923 (La. 1990)("[A]s the Court of Appeal stated, claims of improper revocation of probation should be presented in a post conviction petition to the Fourth Circuit.").
In the present case, at the close of the revocation hearing, the district court advised the unrepresented relator that he had "two years from when the sentence becomes final to apply for post-conviction relief." Relator filed for post-conviction relief well within that period of time and the state acknowledges that he then filed for review in the court of appeal within the return date set by the trial court after it denied his application in July, 2001. Relator thereby attempted to comply with what he reasonably believed were the procedural requirements for preserving his claims for review.
Under these particular circumstances, the court of appeal erred in failing to afford relator review of the merits of his claims regarding revocation of his probation. This case is therefore remanded to the court of appeal for purposes of providing relator with reasonable time in which to file for review of his revocation hearing and for a ruling on the merits of his claims.