868 So.2d 861 (2004)
STATE of Louisiana
v.
Pamela L. GOODMAN.
No. 03-KA-1279.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*862 Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, State of Louisiana, Parish of Jefferson, Juliet Clark, Terry M. Boudreaux, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Stephen D. London, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
In this matter defendant, Pamela Goodman, has appealed a trial court ruling which revoked her probation. We dismiss the appeal for lack of jurisdiction.
On April 22, 1999, defendant pled guilty to four counts of theft over $500 in violation of LSA-R.S. 14:67. She was sentenced to five years on each count with counts one and two to run concurrently with each other and counts three and four to run concurrently with each other but consecutively to counts one and two.[1] Defendant's sentence was suspended and she was placed on ten years of active probation. She was ordered to pay various court costs and fines as well as restitution.
On September 4, 2003, defendant's probation was revoked for failure to pay monthly restitution payments and her ten-year sentence was made executory. It is from this probation revocation that defendant appeals.
In brief, the State of Louisiana argues that this appeal is subject to dismissal, asserting that a probation revocation judgment is not an appealable judgment. The State correctly argues that the revocation of a defendant's probation is subject to review in the appellate court by an application for supervisory writs, not by appeal. LSA-C.Cr.P. art. 912; State v. McDougald, 02-279 (La.App. 5 Cir. 9/30/02), 829 So.2d 525.
Since this Court's order of December 9, 1994, we will no longer convert improperly filed appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. Accordingly, the State's motion to dismiss the appeal is granted. However, we reserve the right of the defendant to file her application for writ of review within thirty days of the date of this opinion.
For the foregoing reasons, this appeal is hereby dismissed. The defendant shall have thirty days in which to pursue her assignments of error by means of an application for supervisory writ of review.
DISMISSED.
NOTES
[1] The record contains two separate commitments, one dated April 22, 1999 and the other dated August 12, 1999. There is a discrepancy between the two commitments in that the April 22, 1999 commitment indicates counts one and two were to run consecutively and counts three and four were to run concurrently with each other and counts one and two. The August 12, 1999 commitment shows counts one and two were to run concurrently with each other and counts three and four were to run concurrently with each other and consecutively to counts one and two. Both commitments show defendant was sentenced to a total of ten years.