902 So.2d 450 (2005)
STATE of Louisiana
v.
Bryan J. FRANKS.
No. 04-KA-1208.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Kia Habisreitinger, Martin Bellanger, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellant.
Alex D. Lambert, Indigent Defender Board, Gretna, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
In this matter the State has appealed a trial court ruling which revoked defendant Bryan J. Franks' probation. We dismiss the appeal for lack of jurisdiction.
On November 14, 2001, defendant was charged by bill of information with second degree battery in violation of La. R.S. 14:34.1. At arraignment, defendant pled not guilty to the charge. On April 3, 2003, defendant withdrew his not guilty plea, tendered a plea of guilty, and was sentenced to imprisonment at hard labor for a term of two years with credit for all time served. Defendant's sentence was suspended *451 and he was placed on two years active probation.
On September 11, 2003, a revocation hearing was held at which defendant's probation was revoked for commission of another offense. Defendant's original sentence was vacated and he was sentenced to imprisonment at hard labor for a term of one year with credit for time served, to run concurrently with all other sentences presently being served by the defendant. It is from this probation revocation that the State appeals.
In brief to this Court, the State seeks an appeal, complaining that the trial court lacked the discretion to amend the defendant's originally imposed sentence upon revoking defendant's probation. Probation revocations are generally reviewable by application for supervisory writs rather than by appeal. Therefore, on January 31, 2005, this Court issued an order that the State show cause, by brief only, why its appeal should not be dismissed, reserving its right to apply for supervisory writs.
A probation revocation judgment is not an appealable judgment and is subject to review by an application for supervisory writs. La.C.Cr.P. art. 912; State v. Goodman, 03-1279 (La.App. 5 Cir. 2/23/04), 868 So.2d 861, 862. As a result of this Court's December 9, 1994 order, this Court no longer converts improperly filed appeals into writs for the purpose of judicial economy. State v. Goodman, supra.
The State responded by filing a supplemental brief on February 10, 2005. In this brief, the State argues that its issue is distinguishable because the ruling complained of is not that the trial court improperly revoked defendant's probation, but rather that it lacked discretion to amend the defendant's sentence from two years to one year. The State argues that La.C.Cr.P. art. 900(A)(5) provides a mandatory sentencing requirement for the court to impose the originally imposed suspended sentence upon revoking defendant's probation. It further provides that La.C.Cr.P. art. 881.2(B)(1)(a) is applicable and, therefore, an appeal is proper. Article 881.2(B)(1)(a) provides that the State may appeal or seek review of a sentence if the sentence imposed was not in conformity with mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision. However, this article provides that the State may appeal or seek review and does not confer jurisdiction. Further, La.C.Cr.P. art. 882(B) provides that a sentence may be reviewed as to its legality on the application of the State in an appealable case by appeal or in an unappealable case by writs of certiorari and prohibition.
For the foregoing reasons, this appeal is hereby dismissed. The State shall have thirty days in which to pursue its assignment of error by means of an application for supervisory writ of review.
DISMISSED.