945 So.2d 797 (2006)
STATE of Louisiana
v.
Blake BAILEY.
No. 06-KA-360.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Mary E. Roper, Attorney at Law, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
EDWARD A. DUFRESNE, Jr., Chief Judge.
In this matter defendant, Blake Bailey, has appealed a trial court ruling which revoked his probation. We dismiss the appeal for lack of jurisdiction.
On August 3, 2004, defendant pled guilty to one count of aggravated flight from an officer in violation of LSA-R.S. 14:108.1(C), and one count of illegal possession of stolen things valued at greater than $500, in violation of LSA-R.S. 14:69. The trial judge sentenced defendant to serve concurrent sentences of two years at hard labor on count one and three years at hard labor on count two. The judge suspended both sentences, placed defendant on active probation for three years, and imposed several conditions of probation.
On June 24, 2005, the state filed a motion to revoke defendant's probation. After a contradictory hearing on June 30, 2005, the trial judge revoked defendant's probation and ordered him to serve three years at hard labor on each count concurrently, with credit for time served. It is from this probation revocation that defendant now appeals.
The state filed a motion to dismiss the appeal in this court, asserting that a probation revocation judgment is not an appealable judgment. The state is correct in its assertion that the revocation of a defendant's probation is subject to review in the appellate court by an application for supervisory writs, not by appeal. LSA-C.Cr.P. art. 912. See, State v. Franks, 04-1208 (La.App. 5 Cir. 4/26/05), 902 So.2d 450; State v. Goodman, 03-1279 (La.App. 5 Cir. 2/23/04), 868 So.2d 861; and State v. McDougald, 02-279 (La.App. 5 Cir. 9/30/02), 829 So.2d 525.
Accordingly, the state's motion to dismiss the appeal is granted. However, we reserve the right of defendant to file his *798 application for writ of review within thirty days of the date of this opinion.
APPEAL DISMISSED.