# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-977

STATE OF LOUISIANA

VERSUS

DAVID BARNES, JR.

**********

APPEAL FROM THE
SIXTEENTH  JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1389
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Angelique Narcisse
District Attorney's Office
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
Counsel for:
     State of Louisiana

David Barnes, Jr.
3618 Broken Arrow Road
New Iberia, LA 70560
Pro Se  Defendant/Appellant:
     David Barnes, Jr.

**Cooks, Judge.**

On February 6, 2006, the Defendant, David Barnes, Jr., entered a plea of guilty to the offense of failure to register as a sex offender. He was sentenced to serve five years at hard labor, suspended, and was placed on three years of supervised probation. On March 29, 2006, the Defendant's probation was revoked for failure to register as a sex offender, and he was ordered to serve five years at hard labor, with credit for time served. At the conclusion of the probation revocation hearing, the trial court informed the Defendant that he had two years from the date the judgment became final to seek post-conviction relief.

On August 10, 2006, the Defendant filed a pro se application for post-conviction relief in the trial court, contesting his revocation and requesting a hearing on the application. On September 27, 2006, a hearing was held and the motion was denied. On October 25, 2006, the Defendant filed a pro se motion to appeal the denial of his application for post-conviction relief. The motion was dismissed by the trial court due to the fact that the Defendant was represented by an attorney and that the pleadings were not signed or filed by said attorney.

On April 16, 2007, the Defendant filed a pro se application in this court, seeking review of the trial court's denial of his application for post-conviction relief. The writ was subsequently denied because the application was deficient. *State v. Barnes*, an unpublished opinion bearing docket number 07-467 (La.App. 3 Cir. 5/3/07). Rather than correcting the deficiencies in his writ application, the Defendant filed a Motion to Appeal Post Conviction Relief in the trial court on May 17, 2007, and the instant appeal was granted.

In *State ex rel. Clavelle v. State*, 02-1244 (La. 12/12/03), 861 So.2d 186, the court explained, "[n]o appeal lies from an order revoking probation [citations omitted], and while supervisory review provides a direct means for contesting the trial

1

court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. [citation omitted]." In the instant case, the trial court informed the Defendant that he could seek post-conviction relief within two years from the date the judgment became final. Thus, pursuant to *Clavelle*, 861 So.2d 187, the Defendant could seek review of his probation revocation via post-conviction proceedings.

Because an application for supervisory writs is the correct procedural mechanism for review of a denial of an application for post-conviction relief, this court issued a rule to show cause on August 10, 2007, why the appeal should not be dismissed. The Defendant failed to submit a response to the rule to show cause. Therefore, the appeal in this case is hereby dismissed.

The Defendant, however, is permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**