976 So.2d 226 (2008)
STATE of Louisiana
v.
Shawn KENNISTON.
No. 2007-KA-0849.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Eddie J. Jordan, Jr., District Attorney, Graham L. Bosworth, Assistant District Attorney, New Orleans, LA, for State of Louisiana, Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Shawn Kenniston, Appellant.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.)
MAX N. TOBIAS, JR., Judge.
On 1 July 2004, the state filed a bill of information charging the defendant/ appellant, Shawn Kenniston ("Kenniston"), with one count of violating La. R.S. 14:202 relative to misapplication of funds received by *227 a contractor and intended for payment of materials and labor. He was arraigned and entered a not guilty plea on,30 July 2004. The court set a diversion review hearing for 26 Augusit 2004. At the diversion hearing, Kenniston appeared and changed his plea to guilty as charged. He waived sentencing delays, and the court sentenced him to four years at hard labor. The court then suspended that sentence and placed him on probation for four years. The court imposed specific conditions, including that Kenniston pay restitution to the victim in the amount of $20,000.00 and fines and fees of $750.00 to the Judicial Expense Fund at Criminal District Court, $100.00 to the Indigent Defender Program, and court costs of $190.50. A payment status hearing was set for 20 September 2004.
When Kenniston appeared, the court granted an extension until 15 October 2004, but he failed to appear on the 15th. The court issued an alias capias for his arrest. Kenniston subsequently appeared on 4 February 2005 at which time the court recalled the capias. He paid $600.00, but failed to appear at the next payment status hearing, set for 18 March 2005. The court issued another capias for his arrest.
In September 2006 the state filed a motion and order to revoke Kenniston's probation. The court set a hearing on the motion for 13 October 2006, directing further that notices be given to the defendant both in person and by U.S. mail. On October 13, Kenniston appeared for a hearing on the rule to show cause. The court revoked his probation and ordered that the original four-year sentence be made executory. On 17 November 2006, Kenniston through counsel filed a written motion to reconsider the sentence, which the court set for hearing on 19 January 2007. The hearing was subsequently reset, and on 23 January 2007 the state filed a written response to the motion. On 5 March 2007, the court denied the motion to reconsider sentence. On 9 March 2007 Kenniston filed a motion for an appeal, which the court granted.
STATEMENT OF THE FACTS
Because the defendant entered a guilty plea, no trial transcript exists from which the facts can be gleaned. Furthermore, because this appeal is from the denial of the motion to reconsider the sentence, the facts are not critical to a review of the issue presented. We note that the record contains a copy of the arrest warrant issued for Kenniston in which the underlying facts are recited.
Kenniston was hired in April 2003 to perform repairs to a home owned by Ms. Cora Shy. He began the job, although little progress was evident. He requested money from Ms. Shy to purchase materials and to reimburse him for materials he allegedly had already purchased. Over time, Kenniston presented Ms. Shy with several invoices purportedly issued by Home Depot; she gave him money to pay the invoices, which were later discovered in the police investigation to be quotes for materials, not invoices. When Ms. Shy inquired about where the purchased materials were, Kenniston told her that he was storing the materials at his residence in Mississippi. Overall, Ms. Shy gave Kenniston a total of twelve checks amounting to $20,600.00.
In August 2003, Kenniston failed to return to Ms. Shy's house to perform work as scheduled. When she contacted him, he claimed that he had been ill. Thereafter, all of her attempts to contact him were unsuccessful, and he never returned to Ms. Shy's property. Ms. Shy notified the police, and the investigation by Detective Martin resulted in the warrant for Kenniston's arrest being issued on 28 April 2004.
*228 DISCUSSION
Before addressing the merits of the assignment of error raised by the appellant, we note procedural issues. The first issue is whether the judgment at issue is appealable. In its caption, the pleading which the court denied was identified as a motion to reconsider the sentence. The sentence that Kenniston wished reconsidered was the sentence which was made executory upon the revocation of his probation. However, Louisiana courts have consistently held that no appeal lies from the revocation of probation; instead direct review is only by the court's supervisory jurisdiction. See State ex rel. Clavelle, 02-1244 (La.12/12/03), 861 So.2d 186[1]; State v. Allen, 00-1859, p. 13 (La.App. 4 Cir. 5/9/01), 794 So.2d 25, 32; State v. Oswald, 41,737 (La.App. 2 Cir. 8/31/05), 936 So.2d 319; State v. Franks, 04-1208 (LaApp. 5 Cir. 4/26/05), 902 So.2d 450. When a defendant seeks relief from a probation revocation by an appeal, this court has treated the appeal as an application for supervisory review. State v. Allen, supra. However, the Louisiana Fifth Circuit Court of Appeal has decided not to convert an improperly filed appeal into a supervisory writ. State v. Franks, p. 3, 902 So.2d at 451. In Franks the state was the appellant and was seeking reversal of the trial court's decision to reduce the defendant's term of imprisonment at the time of the probation revocation. The state argued that the trial court lacked authority to amend the original sentence imposed but suspended. The court dismissed the state's appeal, but ordered that the state be granted thirty days in which to file an application for a supervisory writ of review.
In contrast to the policy of the Fifth Circuit, this court as a matter of judicial efficiency converts an appeal from a probation revocation to a supervisory writ. See Allen and Dorset. Converting this appeal to a supervisory writ does not end the inquiry into procedural issues in this case, however. The next issue is whether the motion to reconsider the sentence that Kenniston filed was timely filed.
The record establishes that the written motion to reconsider was filed on 27 November 2006. The minute entries fail to show that an oral motion to reconsider was made. Instead, the 13 October 2006 minute entry states that, after the court revoked Kenniston's probation and made the original sentence executory, a "motion to correct illegal sent [sic] in this matter is set for 10/27/06." The record next reflects that on 27 October 2006 defense counsel appeared without the defendant, "for motion to correct illegal sent [sic];" the court then continued the matter without date. Thus, as of 27 October 2006, we find neither a motion to reconsider sentence nor a motion to correct an illegal sentence had been filed or made, either orally or in writing. If one or both had been filed or made, it would have been inappropriate for the court to have continued the matter without date. It appears therefore that, instead of orally making any motions at the time of the probation revocation, defense counsel merely indicated that he intended to file a motion to correct an illegal sentence at a future date. However, no motion to correct an illegal sentence was ever filed into the record. *229 Instead, on 27 November 2006[2] defense counsel filed a written motion to reconsider the sentence.
La.C.Cr.P. art. 881.1 requires a defendant or the state to file fa motion to reconsider sentence within thirty days of sentencing unless the trial court sets a longer period of time at the time of sentencing. Here, the original sentence was imposed on 26 August 2004. Kenniston's probation was revoked and his original sentence of four years of imprisonment was made exv ecutory on 13 October 2006. The written motion to reconsider sentence, which was filed on 27 November 2006 was not filed within thirty days of either of these dates. Thus, even assuming that the court's action of making the sentence executory provided a second opportunity for Kenniston to file a motion to reconsider sentence, he failed to comply with La. C.Cr.P. art. 881.1.
We note that La.C.Cr.P. art. 881.5 permits a trial court at any time to correct a sentence that exceeds the maximum sentence authorized by law. The court may do so upon its own motion or upon the motion of either of the parties. However, the four-year sentence imposed upon Kenniston does not exceed the maximum permitted for the substantive offense; La. R.S. 14:202(C) sets a maximum term of five years.
Kenniston frames his argument in the language of a sentence exceeding the statutory maximum; however, that argument is predicated solely upon the fact that the bill of information failed to allege any amount of misapplied funds. Pursuant to La.C.Cr.P. art. 470,[3] the failure of the state to allege any amount in the bill of information renders the bill defective. However, it does not render Kenniston's sentence of less than five years illegal as his sentence is still below the maximum permitted by La. R.S. 14:202.[4] To the extent that Kenniston's assignment of error is based upon the trial court's denial of a motion to reconsider sentence, Kenniston's motion was not preserved for review because the motion was untimely filed, according to the record on appeal.
In any event, even if we were to assume that the issue of the defective bill of information was properly preserved by the untimely filing of the motion to reconsider sentence, Kenniston is not entitled to relief. He relies upon State v. Olivier, 03-1589 (La.App. 3 Cir. 6/16/04), 879 So.2d 286, in which the court held, in a review of the record for errors patent, that the failure to allege the amount of misapplied funds in the bill of information rendered the bill defective. In support of its ruling, the court relied upon cases involving theft and simple criminal damage to property, as the penalties for those offenses also were dependent upon value. The court then set aside the defendant's conviction *230 and sentence, which followed a jury trial, and remanded the case with the specific order that the state be allowed the opportunity to amend the bill to properly charge an offense. Olivier, p. 3, 879 So.2d at 288.
In contrast to Olivier, the First Circuit Court of Appeal held that the failure to allege the value of the property damaged in a bill of information charging a violation of the graded offense of simple arson, La. R.S. 14:52, did not require reversal of the defendant's guilty plea. State v. Guidry, 93-1091 (LaApp. 1 Cir. 4/8/94), 635 So.2d 731. As is true in the instant case, Kenniston was advised of the sentencing range both by the judge in the Boykin examination and in writing in the waiver of rights form. He did not allege that he did not understand the nature of the charge. Further in Guidry, the penalty imposed was appropriate for either grade of the offense. Thus, the court found that any error was harmless under the facts of the case.
A review of the guilty plea transcript filed in the record of this case shows that the proceeding originally set for the day that Kenniston pled guilty was a hearing regarding the diversionary program to which he had been referred. Defense counsel explained to the court that his client had applied to the program but did not qualify because of the amount of money at issue. Counsel informed the court:
We're talking about $20,000. At this time on behalf of Mr. Kenniston, we'd like to withdraw our former plea of not guilty and tender to the Court a plea of guilty as charged under Title 14 202[sic], relative to Misapplication of Contract Payments.
In addition to the specific admission to the court of the amount of misapplied funds at the same time the plea was entered, Kenniston acknowledged that he understood that he could receive "up to five years in the Department of Corrections?" The waiver of rights form signed by Kenniston also reflects that he understood that the maximum sentence was five years.[5] When the court imposed the sentence of four years, suspended, and ordered Kenniston to pay restitution in the amount of $20,000.00, no objection was made by the defense. Notably, La. R.S. 14:202 D specifically provides that a defendant-contractor convicted of misapplying payments shall pay restitution in "an amount equal to the sum of the payments not properly applied. . . ." Thus, the sentence imposed, the amount of restitution, and the amount which the defense acknowledged in open court had been received and misapplied by Kenniston, were in accord with each other. Thus, we find from our review of the entire record that the failure to include the dollar amount in the bill of information did not prejudice Kenniston; furthermore he has never alleged that his guilty plea was not intelligently entered.[6]
Finally, La.C.Cr.P. art. 487 B provides that a defendant is not prohibited from "entering a plea of guilty to a crime nonresponsive *231 to the original indictment when such a plea is guilty is acceptable to the district attorney,. . . ." Although Kenniston argues that his plea of guilty should not be construed as a plea to misapplication of funds in the amount of $20,000.00, the plea colloquy leads us to the inescapable conclusion that he knowingly and without objection entered a plea to a felony grade of the offense for which the maximum sentence was five years at hard labor. Furthermore, he made no attempt to challenge his plea, nor did he challenge his sentence until after his probation was revoked and made executory. Although he argues that a defect in the bill is non-waivable because it is a jurisdictional defect, absent prejudice a defective bill will not entitle a defendant, who enters a voluntary and knowing plea, to relief. State v. Guidry, supra; La.C.Cr.P. art. 912.
CONCLUSION
For the foregoing reasons, we covert Kenniston's appeal to an application for supervisory writs. We grant that writ application and affirm Kenniston's conviction and sentence.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; AFFIRMED,
NOTES
[1] In Clavelle, the Court acknowledged that an application for post-conviction relief may be used as a collateral method for asserting a claim relating to revocation of probation. However, because an application for post-conviction relief cannot be used to assert a sentencing claim, see State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, it arguably would be of no use to Kenniston in the case at bar wherein, on the face of the assignment of error, he seeks reversal of a motion to reconsider the sentence.
[2] Again, it should be emphasized that the court had continued the matter on October 27 without date. Therefore, defense counsel's appearance on November 27 was unscheduled and for the purpose of filing a written motion in open court. The entry of November 27 also notes that the defendant's presence was not required, although counsel waived his presence.
[3] La.C.Cr.P. art. 470 states in its entirety that, "Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense."
[4] If the amount of misapplied funds had been $1,000.00 or less, then the maximum sentence would have been six months imprisonment. La. R.S. 14:202 B. If the amount had been more than $1,000.00, then the sentencing range is ninety days to six months imprisonment with or without hard labor for each $1,000.00 in misapplied funds, "provided that the aggregate imprisonment shall not exceed five years." La. R.S. 14:202 C.
[5] The waiver of rights form also indicates that Kenniston was informed of the specific sentence he would receive; however, the writing is illegible.
[6] Another procedural bar to the substantive claim made in this matter is Kenniston's failure to file an application for post-conviction relief within two years of his conviction as required by La.C.Cr.P. art. 930.8. An application for post-conviction relief would have been the appropriate vehicle in which to attack the guilty plea and conviction on the basis that the plea was not knowingly entered or that a defect in the bill of information existed which resulted in a denial of his right to due process; a motion to reconsider sentence is not the appropriate pleading in which to do so. Furthermore, the defense should have raised the defect in the bill prior to the plea in the form of a motion to quash so that the court could have ordered an amendment, as permitted by La.C.Cr.P. art. 487, or he could have filed a motion for a bill of particulars.