STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA 08-1527

STATE OF LOUISIANA

VERSUS

ERIC T. EDWARDS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13927-04
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Hon. John Foster DeRosier**
**District Attorney, 14th JDC**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Eric T. Edwards, Pro Se, #463027**
**Calcasieu Correctional Center**
**5300 East Broad Street**
**Lake Charles, LA 70615**

**Eric T. Edwards, Pro Se, #463027**
**Calcasieu Correctional Center**
**5300 East Broad Street**
**Lake Charles, LA 70615**

**Amy, Judge.**

Defendant, Eric T. Edwards, pled guilty to purse snatching on June 13, 2005; his three-year sentence was suspended and he was placed on three years supervised probation. At a hearing to revoke his probation on June 29, 2007, Defendant was reprimanded for a probation violation and he was ordered to continue on probation with the same special conditions as the original probation. Probation was ultimately revoked on July 9, 2008, for further violations of the conditions of probation.

On July 15, 2008, Defendant filed a Notice of Appeal. He also filed correspondence to the trial court on August 13, 2008 indicating his desire for review because he was "sentenced . . . for probation violation." This court issued an order on December 18, 2008 requiring Defendant to show cause why his appeal should not be dismissed because the judgment revoking his probation is not an appealable judgment under La.Code Crim.P. art. 912. In response, the defendant advances the reasons he believes that his probation should not have been revoked.

While La.Code Crim.P. art. 912(C)(1) provides that a defendant may appeal a final judgment imposing sentence, Defendant questions the merits of the probation revocation, not the sentence imposed. Jurisprudence has consistently held that a defendant does not have a right to appeal an order revoking probation. *See Clavelle v. State*, 02-1244, p. 2 (La. 12/12/03), 861 So.2d 186. *See also State v. Manuel*, 349 So.2d 882 (La.1977); *State v. Williams*, 06-642 (La.App. 5 Cir. 11/20/06), 947 So.2d 47; *State v. McDougald*, 02-279 (La.App. 5 Cir. 9/30/02), 829 So.2d 525. Instead, review of the revocation of probation is available by application for supervisory writs. La.Code Crim.P. art. 912.1(C)(1). *Williams,* 947 So.2d 47; *State v. Bailey*, 06-360 (La.App. 5 Cir. 10/31/06), 945 So.2d 797.

Accordingly, we dismiss Defendant's appeal, but permit him to file a proper application for supervisory review, in compliance with Uniform Rules—Courts of

Appeal, Rule 4-3, within thirty days from the date of this decision. Defendant is not required to either file a notice of intent to seek writs or obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the Notice of Appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**