NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-973

STATE OF LOUISIANA

VERSUS

JEREMY RYAN SCARBOROUGH

*****************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 304,673
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

*****************

PHYLLIS M. KEATY
JUDGE

****************

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED. DEFENDANT/APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

James C. Downs
District Attorney
701 Murray Street
Alexandria, Louisiana 71301
(318) 473-6650
Counsel for:
 State of Louisiana

Mark O. Foster
Louisiana Appellate Project
222 Adelaide Street
Natchitoches, Louisiana 71457
(318) 572-5690
Counsel for Defendant/Appellant:
 Jeremy Ryan Scarborough

**KEATY, Judge.**

Defendant, Jeremy Ryan Scarborough, was charged on December 8, 2010, with second degree battery, a violation of La.R.S. 14:34.1. He pled guilty to the charge on March 3, 2011, and was sentenced to serve five years with the Louisiana Department of Corrections, suspended, and placed on supervised probation for five years. Conditions of probation included payment of a fine of $500 plus court costs; that he refrain from use of alcohol and controlled dangerous substances; that he not visit bars, lounges, or casinos; and that he refrain from any criminal conduct.

On April 18, 2011, Defendant appeared for a probation revocation hearing and admitted to the State's allegations, which included theft of a firearm, possession of a firearm by a convicted felon, and testing positive for marijuana. His probation was revoked. He was ordered to serve the sentence originally imposed on March 3, 2011. He was given credit for time served and recommended for participation in the Impact Program. On May 18, 2011, Defendant filed a motion for appeal, stating, in part: "The Defendant was convicted around April 18th 2011 related to His charge under (R.S. 14:34.1.) [sic] Second Degree Battery, sentenced to five (5) years and committed to the Department of Corrections."

The motion was granted by the trial court, and the Louisiana Appellate Project was appointed as counsel for Defendant. On August 5, 2011, the appeal was lodged in this court and assigned docket number 11-973. On August 9, 2011, this court issued an order to Defendant to show cause why his appeal should not be dismissed "as the judgment referenced by date only, in the motion for appeal, a probation revocation, is not an appealable judgment. La.Code Crim.P. art. 912."

In *State ex rel. Clavelle v. State*, 02-1244 (La. 12/12/03), 861 So.2d 186, 187, the court explained that "[n]o appeal lies from an order revoking probation"

and supervisory review provides a direct means for contesting the trial court's action in a probation revocation proceeding. Under Uniform Rules—Courts of Appeal, Rule 4−3, Defendant had thirty days from the ruling revoking his probation, unless the trial court granted an extension, to file a supervisory writ seeking review of his probation revocation.

Counsel for Defendant presents a novel argument. He notes that Defendant, in his *pro se* appeal, states that he was convicted "around" April 18, 2011, "related to his conviction under (R.S. 14:34.1.)" He also points out that Defendant alleged that his conviction was unconstitutional. He then argues that Defendant was actually referring to his original conviction date of March 3, 2011, which was "around" April 18, 2011, as being the subject of the appeal. Counsel points to jurisprudence stating that when pleadings are inarticulate they should be liberally construed to protect a party's constitutional rights. It is clear from Defendant's motion for appeal that he sought review, not of his original conviction, but of the imposition of sentence at the time of revocation of his probation. Defendant could only seek review of that ruling by application for supervisory writs.

Defendant's motion for appeal was filed within thirty days of the ruling on the probation revocation. As that judgment is properly reviewable by an application for supervisory writs, he is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. We hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT/APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**