NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-558

STATE OF LOUISIANA

VERSUS

JOSEPH LEBLEU, Jr.
a/k/a JOSEPH FLOYD LEBLEU, JR.

************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 96689-F
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

************

CANDYCE G. PERRET
JUDGE
************

Court composed of Marc T. Amy, Billy H. Ezell, and Candyce G. Perret, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION

Trent Brignac
District Attorney
Timmy James Fontenot
Assistant District Attorney
13th Judicial District
P. O. Drawer 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
      State of Louisiana

**Alex Chapman, Jr.**
**Attorney at Law**
**801 W. Lincoln Road**
**Ville Platte, LA 70586**
**(337) 363-2229**
**COUNSEL FOR APPELLANT:**
    **Joseph LeBleu, Jr.**
    **a/k/a Joseph Floyd LeBleu, Jr.**

**Perret, Judge.**

On May 1, 2014, Defendant-Appellant, Joseph Lebleu, Jr., a.k.a. Joseph Floyd Lebleu, entered a guilty plea to two counts of indecent behavior with juveniles, along with a third count charged under a separate docket number. Defendant-Appellant received concurrent suspended sentences and five years of active supervised probation. After a probation revocation hearing on March 25, 2015, the district court ordered Defendant-Appellant to serve ninety days in parish jail. On May 18, 2016, the district court conducted another revocation hearing and again revoked his probation. Defendant-Appellant filed a motion to reinstate his probation which was heard on September 21, 2016, and denied. Defendant-Appellant again sought to reinstate his probation on April 19, 2017; the district court again denied relief.

On May 16, 2018, the district court held a hearing regarding another request by Defendant-Appellant to reinstate his probation; the district court denied relief at the end of the hearing. On May 21, 2018, Defendant-Appellant filed a "Motion for Reconsideration" which again sought to have his probation reinstated. On the same date, Defendant-Appellant filed a Motion for Appeal. The district court denied the motion for reconsideration in writing on June 4, 2018, and granted the motion for appeal on the same date.

This court lodged the appeal record on July 16, 2018. On August 23, 2018, this court issued a rule to show cause why this case should not be dismissed as non-appealable. Defendant-Appellant filed a timely response but has failed to address the issue of appealability.

Accordingly, the appeal is dismissed, as the judgment at issue is a probation revocation ruling and thus not appealable. La.Code Crim.P. art. 912.1(C); *State ex*

*rel. Clavelle v. State,* 02-1244 (La. 12/12/03), 861 So.2d 186. Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.