The car of Warren L. Authement was being driven north on the paved highway from Golden Meadow towards Cut Off in Lafourche Parish in the afternoon of July 13, 1940, when it was struck in the rear by a car owned by the defendant and being driven by his minor son. The alleged damage to the Authement car was $93.09, and the plaintiff insurance company paid $43.09 of this damage under a policy of collision insurance, being the amount of the damage to the car less $50 deducted under the terms of the policy. The insurance company took a subrogation from Authement for the amount paid. The insurance company and Authement are the plaintiffs in this suit against Orgeron and his minor son, the insurance company seeking to recover the amount it paid Authement and the latter seeking to recover the $50 damage deducted by the insurance company, plus $30 additional damage for loss of the use of the car.
It is alleged that the Authement car was being driven by Elmo Authement in a lawful manner on the right side of the paved highway, when, suddenly and without any warning, the car driven by young Orgeron ran into the rear of the Authement car with such force as to cause it to collide with another car immediately preceding it. The allegation is made that the sole cause of the accident was the gross negligence of young Orgeron in driving in such a manner and at such a speed as to be unable to maintain proper control over the automobile.
An exception was filed by the minor, Anthony Orgeron, and this exception was sustained by the court and the suit as to the minor was dismissed. Sylvester Orgeron filed an answer admitting that his car, driven by his minor son, collided with the Authement car, but alleged that the cause of the accident was the negligence of the driver of the Authement car in suddenly stopping his car in a wedding procession without any warning, as the Authement car was proceeding in front of the car driven by young Orgeron in the procession.
The trial judge rendered a judgment in favor of Authement against the defendant for the sum of $33.54, and the latter has appealed.
The testimony in the case was not taken down and transcribed, but it was agreed between the parties that the trial judge would make out a finding of facts after he had heard the witnesses. This he did, and we give below the pertinent part of his finding of facts, as follows:
"The wedding procession of the automobiles had proceeded for several miles on the right hand side of the paved highway from Golden Meadow towards Cut Off, at a speed of between twenty and twenty-five miles per hour, on a wet pavement, the vehicles being spaced about two car lengths apart. An emergency arose at the head of the procession, necessitating the sudden halting of the leading vehicle. In the process of this sudden stopping, several of the following cars ran into the rear of the preceding cars; particularly, the plaintiff (meaning the driver of the Authement car) in this case found his car in collision with the car belonging to a Mr. Lee in front, and almost immediately afterwards the defendant's car ran into the rear of the plaintiff's car. * * *.
"The court further finds that, under the facts and the evidence, plaintiff (meaning the driver of plaintiff's car) was faced with an emergency and was not guilty of contributory negligence in not giving the usual signal with his left hand, indicating an intention to stop, but rather addressed himself to the emergency in an endeavor immediately to bring his own car to a halt to avoid a collision with the Lee car.
"The evidence satisfies the court that the plaintiff did not give the signal above referred to.
"As to whether or not the plaintiff had a rear light on his car is not certain. The plaintiff testified that he did have a rear light, while the occupants of the defendant's car, four in number, testified that they saw no tail light or signal light.
"The defendant admitted that when he attempted to slow down his car that his brakes failed to work. He says through a space of about six feet, but another witness placed the delay of the brakes working at about fifteen feet; while this may have aggravated the situation, the court is, nevertheless, of the opinion that he was guilty of negligence in travelling *Page 339 
at the given rate of speed, on a wet pavement, at 25 or 30 feet in the rear of the leading car making about the same speed.
"It is a fact that the defendant and the witnesses in his car expressed the opinion that if a signal had been given by the plaintiff with his left hand that the defendant would have been able to halt his car and prevent it from colliding with the leading car. In regard to this, the court has already announced his conclusion that the plaintiff, under the circumstances, was not guilty of contributory negligence in not signalling with his left hand, because of the more immediate necessity of averting an immediate impending danger in front.
"So far as the several persons who were driving in this procession are concerned, the court states, and believes, that every driver in it, except of the leading car, was violating that provision of the law which places upon the driver of a car the duty of not following a leading car except at such a distance that he has such complete control of his car as to be able to bring it to a stop in the face of impending danger."
Accepting the finding of facts of the learned district judge as quoted above, we find ourselves unable to agree with his application of the law to the situation as he found it. Obviously, if the driver of defendant's car was guilty of negligence in driving too close to the Authement car ahead of him and in not having his car under proper control, it is equally true that the driver of the Authement car was guilty of the same kind of negligence, as the judge found that all the cars in the procession were going at about the same speed, twenty to twenty-five miles per hour, and were about the same distance apart, that is about two car lengths. The negligence of the driver of the Authement car in driving too close to the Lee car in front of him contributed as much to the accident and was as much the cause of the emergency as was the negligence of the driver of defendant's car a proximate cause of the accident.
The trial judge stated that the driver of every car in the procession was guilty of negligence (except the driver of the front car, and we are not concerned with him). This being the case, the negligence of the driver of the Authement car and that of the driver of the defendant's car were two links in the chain of causation that resulted in the damage to the Authement car, and the driver of defendant's car was no more responsible for this damage than was the driver of the Authement car.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the suit of plaintiff be dismissed at his cost in both courts.
LeBLANC and DORE, JJ., concur.