DREW, J.
pKymekha Butler seeks review of her four-year hard labor sentence for felony theft in excess of $500.00. La. R.S. 14:67. The trial court denied her motion for reconsideration of sentence. We affirm.
Defendant argues that:
• the sentence is excessive because this is her first felony conviction;
• the trial court should not have held the pending theft by shoplifting charge in *177 Monroe against her because she contested its existence;
• she has a family to support;
• she would respond well to probation;
• the trial court was unduly annoyed with her for missing her last sentencing hearing, but she was not notified of the court date;
• the trial court was also unduly annoyed with her for missing her appointment with the probation officer for the presentence investigation; and
• because she was incarcerated, she was available for interview by the probation officer.
The state responds that:
• because of the defendant’s substantial criminal history for shoplifting and theft charges, the trial court did not abuse its discretion in sentencing;
• the guilty plea here yielded a substantial benefit to her because of the dismissal of other charges; and
• the trial court properly considered the sentencing guidelines of La. C. Cr. P. art. 894.1.
Our law on review for excessiveness of sentence is well settled.[1]
| ¡¿Defendant pled guilty to one count of felony theft in excess of $500.00 in exchange for the state dismissing other pending charges of conspiracy to commit felony theft and contributing to the delinquency of a minor. The trial court then ordered that a presentence investigation be conducted, which revealed that:
• defendant and two other females acquired merchandise at Wal-Mart valued at $312.90 by paying for it with a stolen check, then went back to acquire merchandise valued at $269.13 with another stolen check;
*178 • store officials became suspicious after the second incident and called law enforcement, but defendant left before law enforcement arrived; and
• the defendant was defiant and created a scene when confronted.
La. R.S. 14:67(B)(1) states that the sentence for theft of $500.00 or more is imprisonment, with or without hard labor, for not more than ten years, or a fine of not more than $3,000.00, or both. Defendant’s four-year sentence falls within the low to mid-range of the prison term that could have been imposed.
| aAt the sentencing hearing, the trial court gave the defendant the opportunity to explain why she failed to appear for the sentencing hearing set for November 14, 2005, to which she stated, “No, sir. Just sorry for skipping court or whatever.” The trial court asked her if “or whatever” included her failure to report to the probation officer conducting the presentence investigation, and she denied knowing anything about the presentence investigation. The transcript of the August 22, 2005, hearing where defendant pled guilty shows that the trial court announced that it was setting the sentencing hearing for November 14, 2005. Further, the presentence investigation report indicates that defendant was served with a certified letter instructing her to contact the office of probation and parole for the presentence investigation and that she failed to do so.
The trial court noted that while this conviction was defendant’s first felony conviction, the defendant had a substantial misdemeanor criminal history for theft-related offenses: (1) theft by shoplifting conviction in 1998; (2) criminal mischief conviction in 2000 that originated from an arrest for theft by shoplifting; (3) unauthorized use of an access card conviction in 2001; and, (4) theft by shoplifting conviction in 2002.
At the guilty plea, the state dismissed two other related charges. The trial court also noted that there was a pending charge against defendant for theft by shoplifting in Monroe, a circumstance disputed by the defendant.
The trial court found that there was undue risk that defendant would commit another crime if given probation or a suspended sentence; that a lesser sentence would deprecate the seriousness of the crime; that there were |4no grounds or circumstances to justify the defendant’s conduct; that the defendant’s conduct was the result of circumstances likely to recur; and, that defendant was not likely to respond well to probationary treatment, especially in light of her failure to cooperate with the presentence investigation. Thus, a review of the record indicates that the learned trial court was cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1.
This sentence of four years for felony theft in excess of $500.00 is not grossly disproportionate to the seriousness of the offense, and it does not constitute needless infliction of pain and suffering. Given defendant’s criminal history for theft-related offenses, a four-year sentence does not shock the sense of justice. In light of these circumstances, the trial court did not abuse its discretion, and the sentence is not constitutionally excessive.

DECREE

The sentence is AFFIRMED.

. In reviewing claims of excessiveness of sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,-767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.