FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal matter, defendant/appellant Landon Hoskins appeals his felony guilty plea conviction and sentence for theft. The defendant assigns the following errors in the proceedings below: (1) the trial court imposed an excessive sentence; (2) the trial court erred by failing to consider mitigating factors pursuant to La. C. Cr. P. art. 894.1; and (3) the trial court erred by denying his motion to reconsider sentence. We dismiss the appeal as premature and remand this case to the trial court.
PROCEDURAL HISTORY
The Jefferson Parish District Attorney charged the defendant by bill of information with one count of theft in violation of La. R.S. 14:67.[1] The defendant pleaded not guilty at arraignment. The defendant thereafter withdrew his not guilty plea and pleaded guilty as charged. The sentencing hearing took place on June 12, 2007. After the Boykin[2] colloquy, the defendant waived all delays in sentencing. |sThe trial court thereafter stated “Mr. Hoskins, your sentence is as follows: deferred, and you’re placed on active probation for two years.” In addition, the trial court placed several conditions on the defendant’s probation, including an assessment to the I *201 CAN HELP drug court program. The trial court also ordered the defendant to obtain a GED.
The state filed a Motion in Order for Hearing to Revoke Probation on August 29, 2007. In the motion, the state contended that the defendant had violated the conditions of his probation by testing positive for marijuana during a drug screen and attempting to conceal a bottle of another person’s urine on his person during a subsequent screen. The motion additionally contended that the defendant had violated the conditions of his probation by associating with his co-defendant James Wainwright and failing to obtain a GED.
The trial court heard the motion to revoke probation on September 27, 2007. During the hearing, the following colloquy took place:
By Mr. Soignet (defense counsel):
[The defendant] stole some speakers off of a school.
By the Court:
I remember the case. Would you ...
By the probation officer:
I recommend boot camp, revocation with boot camp.
By the Court:
All right. I would reluctantly recommend boot camp.
By Mr. Soignet:
Mr. Hoskins, do you want to acknowledge that you’ve violated your conditions of probation ...
By the Court:
|4It’s going to be 10 years, 10 years with a boot camp recommendation. If you want boot camp, that’s the only way I’ll do it. His sentence was deferred.
By Mr. Soignet:
I just need to talk to them.
By the Court:
All right. Let’s pass it.
This is the entirety of the transcript of the September 27, 2007 colloquy contained in the appellate record. The commitment indicates “the defendant’s probation is revoked and the original sentence of 10 years in the Department of Corrections is imposed.”
The trial court granted the defendant’s motion for appeal on January 20, 2009.
FACTS
Because the defendant pleaded guilty to the offense of theft, few facts are contained in the record. The bill of information accused the defendant of “committing] theft of loud speakers, valued at over $1000.00, belonging to T.H. Harris Middle School.” The bill of information additionally indicates that Kenneth G. Knight and James Wainwright were the defendant’s co-defendants in this ease.
JURISDICTIONAL NOTE
This Court’s appellate jurisdiction does not extend to probation revocation judgments because those dispositions are not final. See La. C. Cr. P. art. 912. Rather, probation revocation judgments are subject to this Court’s review by an application for supervisory writs. State v. Goodman, 03-1279 (La.App. 5 Cir.2/23/04), 868 So.2d 861, 862; State v. McDougald, 02-279 (La.App. 5 Cir. 9/30/02), 829 So.2d 525.
pin this case, however, the defendant challenges the sentence imposed by the trial court, not the merits of the probation revocation. Accordingly, we have jurisdiction to consider this appeal. Compare State v. Edwards, 2008-1527 (La.App. 3 Cir. 3/4/09), 11 So.3d 1, 1 (“[w]hile La. Code Crim.P. art. 912(C)(1) provides that a defendant may appeal a final judgment imposing sentence, Defendant questions *202 the merits of the probation revocation, not the sentence imposed.”).
However, we must dismiss this appeal as premature. The transcript of September 27, 2007 ended without the trial court explicitly revoking the defendant’s probation. The appellate record contains no subsequent revocation proceedings. This Court has no way of discerning whether the trial court explicitly revoked the defendant’s probation at a later time or date or if the defendant’s probation was never revoked.
We must therefore remand this case to the trial court. The trial court is instructed to complete the revocation proceedings or to supplement its record with transcripts of any and all revocation proceedings subsequent to September 27, 2007. In the event that no revocation proceedings were held in this matter subsequent to September 27, 2007, the trial court is free to make a factual finding that the record is complete in addition to completing the proceedings. The defendant is explicitly reserved his appellate rights as they may exist in law.
CONCLUSION AND DECREE
For the foregoing reasons, we dismiss the appeal. This case is remanded to the trial court for the further proceedings consistent with this opinion.

APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS

EDWARDS, J., Concurs In Part and Dissents in Part.

. The bill of information charged the defendant with theft of property valued over $1000. La. R.S. 14:67(B)(1) provides "[wjhoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years.” There is no separate category for theft of property valued at over $1000, accordingly, theft of property valued over $500 applies to this case. See State v. Ramsdell, 06-644, p. 2 (La.App. 5 Cir. 12/27/06), 949 So.2d 508, 513.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).