MARC E. JOHNSON, Judge.
| gDefendant appeals the excessiveness of a ten year sentence for violation of LSA-R.S. 14:67 B from the 24th Judicial District Court. For the following reasons, we vacate the sentence and remand the matter to the trial court for resentencing.
FACTS AND PROCEDURAL HISTORY
On October 16, 2006, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Landon Hoskins, a teenager at that time, with theft of loud speakers valued at over $1,000.00 in violation of LSA-R.S. 14:67.[1] The speakers were the property of T.H. Harris Middle School. Defendant was arraigned and pleaded not guilty. On June 12, 2007, Defendant withdrew his plea of not guilty and pleaded guilty as charged under LSA-C.Cr.P. art. 893.[2] On that same date, the trial judge deferred Defendant’s sentence and placed him on active ^probation for two years.[3] The commitment dated September 27, 2007, indicated that the trial judge revoked Defendant’s probation and sentenced him to “ten years.”
Approximately one year later, on September 22, 2008, Defendant filed a motion to reconsider sentence that was denied on October 6, 2008. Defendant also filed a motion for an out-of-time appeal on November 24, 2008, that was denied. On January 9, 2009, he filed an application for post-conviction relief seeking an out-of-time appeal, which was granted.
In his first appeal, Defendant argued that: 1) the trial court imposed an excessive sentence; 2) the trial court erred by failing to consider mitigating factors pursuant to LSA-C.Cr.P. art. 894.1; and, 3) the trial court erred by denying his motion to reconsider sentence.[4] State v. Hoskins, 09-476, p. 2 (La.App. 5 Cir. 4/27/10); 40 So.3d 199, 200. This Court dismissed Defendant’s appeal as premature because the transcript of the revocation hearing ended without the trial court explicitly revoking Defendant’s probation. Id., 09-476 at 5, 40 So.3d at 202. This Court remanded this case to the trial court with instructions *1188 to complete the revocation proceedings or to supplement the record with transcripts of all revocation proceedings subsequent to September 27, 2007. Id. This Court further stated that, in the event that no revocation proceedings were held subsequent to September 27, 2007, the trial court was free to make a factual finding that the record was complete in addition to completing the proceedings. Id. This Court also reserved Defendant’s appellate rights. Id.
On May 13, 2010, the trial judge signed an order supplementing the record with the complete transcript from the September 27, 2007 hearing. The trial judge |4stated in his order that the transcript indicated that Defendant stipulated to the revocation of his probation, and that the trial court then revoked Defendant’s probation and sentenced him to ten years in the Department of Corrections with a boot camp recommendation. On June 21, 2010, Defendant filed a second motion for appeal, which was granted. The instant appeal follows.
Because Defendant pleaded guilty, there are few facts contained in the record. The bill of information alleges that, on October 2, 2006, Defendant and two co-defendants violated LSA-R.S. 14:67 in that they committed theft of loud speakers valued at over $1,000.00 belonging to T.H. Harris Middle School.
ISSUES
On appeal, Defendant raises the following issues[5]: 1) whether the imposition of a ten year sentence constitutes cruel, excessive, and unusual punishment in violation of Article I, Section 20 of the Louisiana Constitution in light of the circumstances presented in this case; 2) whether the trial court adequately considered the mitigating factors outlined in Article 894.1 of the Code of Criminal Procedure; 3) whether the trial court adequately stated for the record the consideration taken into account and the factual basis for imposing a ten year sentence in this case; and, 4) whether the trial court erred in denying the Motion to Reconsider Sentence was correct.
LAW AND ANALYSIS

Assignment of Error # 1

Defendant contends that imposition of the maximum sentence of ten years at hard labor is clearly excessive considering the nature of the offense and the nature | flof the offender. He asserts that no court has ever sentenced a first offender convicted of theft over $500.00 to ten years at hard labor.
The State responds that the ten-year sentence was within the statutory guidelines, and the trial court did not impose the discretionary fine. The State further responds that Defendant has not shown that the trial judge abused his discretion. Lastly, the State contends that the Motion to Reconsider Sentence was untimely, and therefore, it was not properly before the district court and should not be considered by this Court.
On August 29, 2007, the Probation and Parole Officer, Stephanie Moore, filed a “Motion and Order for Hearing to Revoke Probation.” On September 27, 2007, at the hearing on the rule to revoke and sentencing, the prosecutor asked for the *1189 basis of the rule. Ms. Moore testified that on July 20, 2007, Defendant came into her office and tested positive for marijuana. She said that Defendant was told to return on August 24, and when he did, Defendant provided “a false urine” test. Ms. Moore also stated that Defendant had not complied with his special conditions of obtaining a GED, and that he was associating with his co-defendant, James Wainwright, after being told not to do so.
Defense counsel asked the trial judge not to revoke Defendant’s probation, and that Defendant be given sanctions and have his probation extended, with a special condition that he receive drug treatment. The trial judge asked if this was the man who came in with the bottle of urine to take a drug test. When defense counsel responded affirmatively, the trial judge commented that this was not somebody who was “taking any of this seriously.” Defense counsel asked if the trial judge would recommend boot camp for Defendant. The trial judge asked for Defendant’s history, and the probation officer replied that this was Defendant’s first offense. Defense counsel reminded the trial judge that Defendant had stolen lasóme speakers from a school. The probation officer said she would recommend revocation with boot camp. The trial judge replied that the sentence would be ten years with a boot camp recommendation, if Defendant wanted boot camp. Defense counsel said he needed to talk to Defendant.
Defense counsel subsequently advised the trial judge that Defendant had been advised of his rights to a hearing, that Defendant had acknowledged that he was going to waive those rights, and that he had violated the conditions of his probation. Defense counsel stated that it was his and Defendant’s understanding that the trial judge was going to sentence Defendant to ten years and recommend boot camp. Defense counsel also stated, “I just wanted to withhold the opportunity to revisit this in the event that the ten years is too much.” Defense counsel explained that he did not think it was because that was the new law, “but I don’t want to have the point that that would keep him out of boot camp.” Defense counsel said with that understanding, Defendant was willing to acknowledge that he violated the conditions of his probation.
The trial judge replied that based on Defendant’s actions leading up to this rule to revoke, it would be hard for him to consider anything below ten years. He stated that the only reason he was considering boot camp was because of Defendant’s age. The trial judge said that if Defendant ever got out of prison, then boot camp would hopefully help him. He remarked that was Defendant’s “one last break,” and that he hoped Defendant would take advantage of it. The trial judge further stated that if Defendant did not “take this one seriously,” he would be “doing ten.” Based on the stipulation, the trial judge revoked Defendant’s probation and sentenced him to ten years in the Department of Corrections with a boot camp recommendation.
| -Approximately one year later on September 22, 2008, Defendant filed a motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1. In his motion, Defendant stated that he was sentenced on June 12, 2007 to two years of active probation. He further stated that his probation had been revoked, and that he had been sentenced to ten years in the Department of Corrections. Defendant noted that the trial court had recommended that he enroll in a Boot Camp or Impact Program, but that he had been on medication for learning disabilities and mental disorders which kept him from completing and continuing the Intensive Incarceration Program at Elayn Hunt Correctional Center. As *1190 such, Defendant asked the trial court to reconsider his sentence.
On October 6, 2008, the trial court denied Defendant’s Motion to Reconsider Sentence, stating:
The defendant, through counsel, requests that the court [sic] to reconsider his sentence, as he is ineligible for Boot Camp/Impact programs in the department of corrections.
A procedural bar to relief is LSA-C.Cr.P. art. 881, which provides that a sentence cannot be amended once the defendant has begun serving that sentence. Under the provisions of LSA-C.Cr.P. art. 881, the trial court can only amend a felony sentence which is ordered without hard labor.
The court notes that the Waiver of Constitutional Rights form reflects that the court will recommend the Boot Camp program but that the guilty plea was not contingent on such placement. The court’s recommendation to Boot Camp/Impact programs is merely a recommendation, as this court has no authority or jurisdiction in how defendant’s sentence is to be served once he is in the custody of the Department of Corrections.
Upon review, the court finds the defendant is not entitled to the relief sought.[6]
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or | scruel punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992). The three factors considered in reviewing a trial court’s sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by the same court and other courts. State v. Richmond, 97-1225, p. 6 (La.App. 5 Cir. 3/25/98); 708 So.2d 1272, 1275, citing, State v. Telsee, 425 So.2d 1251 (La.1983). The trial judge has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Thompson, 02-333, p. 10 (La.4/9/03); 842 So.2d 330, 338. Generally, the maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Pearson, 07-332, p. 16 (La.App. 5 Cir. 12/27/07); 975 So.2d 646, 656.
At the time of the commission of the crime in October of 2006, the penalty for the commission of a theft when the misappropriation or taking amounted to a value of $500.00 or more was imprisonment, with or without hard labor, for not more than ten years, and a possible fíne of not more than $3,000.00, or both. LSA-R.S. 14:67 B(1). The trial judge imposed the maximum ten-year sentence in the Department of Corrections upon Defendant, but he did not impose a fíne.
It is noted that in 2010, the Louisiana Legislature amended the penalty provisions for theft. LSA-R.S. 14:67 B(1) now provides whoever commits the crime of theft when the misappropriation or taking amounts to a value of $1,500.00 or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than $3,000.00, or both. *1191 LSA-R.S. 14:67 B(2) now provides that when the misappropriation or taking amounts to a value of $500.00 |flor more, but less than a value of $1,500.00, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than $2,000.00, or both.
Nevertheless, it is well established that the applicable sentencing scheme is the one in effect at the time the offense is committed. State v. Sugasti, 01-3407, p. 4 (La.6/21/02); 820 So.2d 518, 520; State v. Bellow, 08-259, p. 20 (La.App. 5 Cir. 7/29/08); 993 So.2d 307, 318, writ denied, 08-2109 (La.4/13/09), 5 So.3d 162. The Louisiana Supreme Court has held that the “mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute.” State v. Oliver, 03-416 (La.App. 5 Cir. 12/29/09); 30 So.3d 946, 953, writ denied, 10-0271 (La.9/17/10), 45 So.3d 1041, citing, State v. Narcisse, 426 So.2d 118, 130 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
Courts have upheld ten-year sentences for defendants convicted of theft of $500.00 or more: See State v. Daigle, 96-782, pp. 1-4 (La.App. 5 Cir. 1/28/97); 688 So.2d 158, 159-60, writ denied, 97-0597 (La.9/5/97); 700 So.2d 506 (this Court found that a sentence of ten years at hard labor was not excessive for a corporate accountant who embezzled an estimated $600,000.00 over a ten-year period, even though defendant had no prior felony convictions and made partial restitution to the victims); State v. LeBlanc, 578 So.2d 1036 (La.App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993) (the Third Circuit upheld a ten-year sentence at hard labor for the defendant who committed theft of approximately $120,000.00, noting that the presentence investigation report established that defendant had a lengthy criminal record involving theft and issuance of worthless checks); State v. Madison, 535 So.2d 1024, 1033-34 (La.App. 2 Cir.1988) (the | mSecond Circuit found imposing the maximum sentence of ten years imprisonment for theft was not unconstitutionally excessive, where the defendant had an extensive record of repetitive conduct of stealing and shoplifting and had not responded to previous correctional treatment); and, State v. Morris, 525 So.2d 1247, 1248 (La.App. 1 Cir.1988) (the First Circuit found that the maximum sentence of ten years imprisonment at hard labor was not excessive for the defendant who was convicted of felony theft, noting that defendant had a lengthy criminal record).
However, in State v. Fontenot, 01-0540 (La.App. 3 Cir. 11/7/01); 799 So.2d 1255, the Third Circuit found a ten-year sentence excessive. In that case, the defendant systematically appropriated monies over a nine-year period from her employer in the amount of $54,833.85. She pled guilty to theft of currency in excess of $500.00 and was sentenced to ten years at hard labor, with three years suspended, and five years active probation. She had no prior criminal record, and she claimed she was in a position to pay a substantial part of the restitution within a short period of time. The Third Circuit found that sentence excessive, noting that this crime did not involve the most serious violation of the offense nor was defendant the worst type of offender. Id., 01-0540 at 1-8, 799 So.2d at 1256-60.
In the instant case, Defendant, along with two co-defendants, stole loud speakers from a school valued at over $1,000.00, property that was worth significantly less than the estimated $600,000.00 that was taken in Daigle and $120,000.00 taken in LeBlanc. Defendant did not have a erimi- *1192 nal record, unlike the defendants in LeBlanc, Madison, and Monis. As such, we do not find that the maximum sentence is warranted in this case, since it does not involve the most serious violation of the offense charged nor the worst type of offender.
11tThe trial judge in this case appears to have imposed a maximum sentence because Defendant failed a drug test and then submitted a false urine sample for another one. Consequently, the trial judge thought that Defendant was not taking his situation seriously. Additionally, Defendant agreed to the ten-year sentence only if the trial judge recommended the boot camp program. Although the trial judge recommended it, the motion to reconsider sentence indicates that Defendant is unable to participate in that program because he must take medication. As a result, we conclude the ten-year sentence for this Defendant is a purposeless infliction of pain and find the trial court did abuse its discretion in imposing the sentence.
Because Defendant is not the worst type of offender, we are of the opinion that the trial court should consider a sentencing range between two to four years for Defendant’s conviction. Other courts have issued and upheld similar sentences for thefts over $500.00. For example, in State v. Wilson, 30,880 (La.App. 2 Cir. 8/19/98); 718 So.2d 546, the court upheld a two-year hard labor sentence for felony theft conviction despite the fact that the Defendant had a previous conviction for a theft-related offense. Additionally, in State v. Butler, 41,982 (La.App. 2 Cir. 5/2/07); 968 So.2d 175, the court upheld a sentence of four' years at hard labor for felony theft in excess of $500.00, where the defendant had a substantial misdemeanor criminal history for theft-related offenses. Accordingly, a sentence between the range of two to four years seems appropriate for the Defendant in the instant case.
In light of the circumstances of this case and the jurisprudence, we find that a ten-year sentence under these circumstances is excessive. The sentence is vacated, and the case is remanded for resentencing. The other issues raised by Defendant in his brief are now moot.
112DECREE
Defendant’s sentence is vacated, and the matter is remanded to the trial court for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING

.At the time of the commission of the offense in October of 2006, the maximum grade for the crime was theft in the amount of $500.00 or more. LSA-R.S. 14:67 B(1). At that time, there was no separate category for theft of property valued over $1,000.00. Therefore, theft of property valued over $500.00 applies in this case. State v. Ramsdell, 06-644, p. 2 (La.App. 5 Cir. 12/27/06), 949 So.2d 508, 513. However, it is noted that LSA-R.S. 14:67 was amended by the Louisiana Legislature in 2010 to change the penalty provisions for theft.

. LSA-C.Cr.P. art. 893 was amended by the Louisiana Legislature in 2010; however, those amendments do not change the analysis herein.

. The trial judge also ordered defendant to comply with general and special conditions of probation.

. LSA-C.Cr.P. art. 894.1 was amended by the Louisiana Legislature in 2010; however, those amendments do not change the analysis herein.

. Although the Defendant pleaded guilty as charged, we are reviewing Defendant’s sentence on appeal because the record does not reflect that a specific sentence or a sentencing cap was set forth at the time of the acceptance of the plea agreement and sentencing pursuant to the plea agreement. See State v. Bolton, 02-1034, p. 10 (La.App. 5 Cir. 3/11/03); 844 So.2d 135, 142; State v. Young, 96-0195, p. 5 (La.10/15/96); 680 So.2d 1171, 1174, rehearing denied, (La.11/15/96).

. Contrary to the order, the waiver does not indicate that the court would recommend the Boot Camp program.