CHEHARDY, C.J.
Defendant, Anthony J. Lewis, appeals from sentences imposed pursuant to the revocation of his probation. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After a thorough review of the record, we agree with counsel's assessment of the case, affirm defendant's sentences, and grant counsel's motion to withdraw.
PROCEDURAL HISTORY
On May 6, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Anthony J. Lewis, with possession with the intent to distribute marijuana, a violation of La. R.S. 40:966(A) (count one), possession of codeine, a violation of La. R.S. 40:967(C) (count two), and possession of diazepam, a violation of La. R.S. 40:969(C) (count three).
Defendant initially pled not guilty to these charges, but later withdrew this plea and entered a plea of guilty on December 1, 2011. In accordance with his plea agreement, he was sentenced that day to ten years at hard labor on count one and five years at hard labor on each of counts two and three. The court suspended these sentences and placed defendant on two years of active probation followed by three years of inactive probation. Defendant did not seek an appeal and his convictions and sentences became final. See State v. Williams , 16-32 (La. App. 5 Cir. 8/24/16), 199 So.3d 1205, 1209.
About a year later, on March 4, 2013, the Louisiana Department of Corrections moved to revoke defendant's probation, alleging that he had failed to comply with the conditions of his probation and had failed to report to his probation officer since June of 2012. The motion was set for hearing on April 10, 2013, and an attachment was issued for defendant's arrest when he failed to appear. The attachment was satisfied over three years later when defendant was arrested on June 24, 2016. At the probation revocation hearing that followed on July 14, 2016, defendant stipulated to the grounds for the revocation and *848 his probation was revoked. The court then sentenced him to ten years at hard labor on each of the three counts.
A little over a year later, in light of ameliorative amendments to the pertinent drug laws that took effect on August 1, 2017,[1] defendant filed a pro se motion to reconsider sentence on August 7, 2017. On August 9, 2017, the district court denied relief on the two bases that this motion was untimely under La. C.Cr.P. art. 881.1 and that La. C.Cr.P. art. 881 precludes amendment of defendant's felony sentences at hard labor because he had already started serving them.
On September 18, 2017, the court vacated defendant's sentences on counts two and three, and resentenced him to five years at hard labor on each, in accordance with his plea agreement.[2] On October 5, 2017, defendant filed a pro se motion for appeal, alleging that "the record herein shows error to his prejudice." The court granted defendant's appeal on October 16, 2017.
FACTS
Because defendant pled guilty, the underlying facts were not developed at a trial; however, the State alleged in the bill of information that on or about April 9, 2011, defendant possessed marijuana with the intent to distribute, and that he possessed codeine and diazepam.
PRELIMINARY ISSUE
Before considering defendant's appeal, we first address a preliminary jurisdictional issue.
Louisiana jurisprudence generally holds that a judgment revoking probation is not appealable but is subject to an appellate court's supervisory jurisdiction. State ex rel. Clavelle v. State , 02-1244 (La. 12/12/03), 861 So.2d 186, 187 ; State v. Manuel , 349 So.2d 882 (La. 1977) ; State v. Hoskins , 09-476 (La. App. 5 Cir. 4/27/10), 40 So.3d 199, 201 ; State v. Franks , 04-1208 (La. App. 5 Cir. 4/26/05), 902 So.2d 450, 451. This jurisprudence, however, distinguishes between review of the probation revocation itself versus review of the sentence imposed pursuant to the probation revocation. See Hoskins , supra at 201-02, (finding that because the defendant challenged the sentence imposed pursuant to the probation revocation, and not the merits of the revocation, this Court's appellate jurisdiction attached)[3] ; State v. Edwards , 08-1527 (La. App. 3 Cir. 3/4/09), 11 So.3d 1 ("While La. C.Cr.P. art. 912(C)(1) provides that a defendant may appeal a final judgment imposing sentence, Defendant questions the merits of the probation revocation, not the sentence imposed."). Thus, while a probation revocation is only reviewable under supervisory jurisdiction, a sentence imposed pursuant to that probation revocation is reviewable on appeal.
This jurisprudence as applied to the present case is complicated by the vagueness of defendant's pro se motion for appeal and the lack of a pro se appellant brief. In his motion for appeal, defendant did not assign any specific errors but merely asserted that "the record herein shows error to his prejudice." And with only an Anders brief, it is not clear what defendant seeks to appeal. If he is appealing *849 his probation revocation, that ruling is not subject to our appellate jurisdiction. If, on the other hand, he is appealing his sentences imposed pursuant to that probation revocation, the jurisprudence dictates that we have jurisdiction to review those sentences on appeal. To further complicate matters, defendant's sentences imposed pursuant to his probation revocation were not imposed at the same time. His sentence on count one was imposed on July 14, 2016, while his sentences on counts two and three were imposed on September 18, 2017. Thus, if defendant is appealing his sentence on count one, we lack jurisdiction to review that matter because defendant did not timely appeal that sentence. See La. C.Cr.P. art. 914 ; Williams , supra . But if defendant is appealing his sentences on counts two and three, defendant's motion for appeal was timely and our appellate jurisdiction attaches to review those sentences.
Confronted with how to interpret defendant's motion for appeal, rather than interpret it in such a way so as to foreclose our appellate jurisdiction, in the interest of justice, we choose to presume that defendant is appealing those matters that are in fact appealable and which he timely appealed: his sentences imposed on September 18, 2017. With this in mind, we now turn to consider the brief filed by defendant's appellate counsel in conformity with Anders , supra .
ANDERS BRIEF
Under the procedure adopted by this Court in Bradford , supra , appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra and Jyles , supra , appointed counsel requests permission to withdraw as counsel of record.
In Anders , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , supra , the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal *850 point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant's appellate counsel asserts in her brief that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel recounts the pertinent procedural history of this case dating back to its inception in 2011 and contends that each stage of the proceedings does not present any non-frivolous issues. Likewise, in its brief, the State recounts the pertinent procedural history of this case and agrees with appellate counsel that there are no non-frivolous issues for appellate review. The State also responds that appellate counsel's brief shows a conscientious and thorough review of the procedural history of the case with references to the record for the convenience of this Court. The State notes that appellate counsel has "cast an advocate's eye" over the record and determined there were no non-frivolous issues to raise on appeal. As such, it maintains that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles , and should be granted permission to withdraw.
As discussed above, our jurisdiction limits our review only to the sentences imposed on September 18, 2017, and thus, our independent review of this record in accordance with Anders is correspondingly limited. In their respective briefs, both appellate counsel and the State note that defendant was sentenced in accordance with his plea agreement and that the sentences imposed were within statutory limits. Our independent review of the record confirms appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal stemming from defendant's sentences imposed on September 18, 2017.
Furthermore, our review of these sentences is limited by the fact that defendant pled guilty in this case. Louisiana Code of Criminal Procedure Article 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant's sentences on counts two and three were imposed in accordance with the terms of his plea agreement as set forth in the record at the time of his plea. In any event, we note that these sentences are within the sentencing ranges set forth in the respective statutes in effect at the time of the offenses. See La. R.S. 40:967(C) ; La. R.S. 40:969(C).
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is hereby granted.
ERRORS PATENT
The portion of the record relating to defendant's sentences on counts two and three has been reviewed for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The following requires corrective action.
One, the record reflects that the district court did not advise defendant of the prescriptive period for seeking post-conviction relief at any of his three sentencing hearings on December 1, 2011, July 14, 2016, or *851 September 18, 2017. By way of this opinion, and in accordance with La. C.Cr.P. art. 930.8(A), we advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Oliver , 14-428 (La. App. 5 Cir. 11/25/14), 165 So.3d 970, 978, writ denied , 14-2693 (La. 10/9/15), 178 So.3d 1001.
And two, the Uniform Commitment Order incorrectly reflects the date of defendant's probation revocation as September 18, 2017, rather than July 14, 2016. Accordingly, we remand this matter to the district court with instructions to amend the Uniform Commitment Order to reflect July 14, 2016 as the date of defendant's probation revocation. The Clerk of Court for the 24th Judicial District Court is ordered to transmit the original of the amended Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections' Legal Department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
For the foregoing reasons, defendant's sentences on counts two and three are affirmed and the matter is remanded for correction of the Uniform Commitment Order. Appellate counsel's motion to withdraw as counsel of record is granted.
SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

See Acts 2017, No. 281, § 2.

The record is devoid of an explanation as to how defendant returned to court for resentencing. The record does not contain any filing from defendant or the State prompting this resentencing.

This Court in Hoskins ultimately dismissed the defendant's appeal as premature because the transcript of the probation revocation hearing did not indicate that the trial court had in fact revoked the defendant's probation. See Hoskins , supra at 202.