STATE OF LOUISIANA

VERSUS

BRIAN PAUL DEWHIRST

NO. 23-KA-30

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-5186, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR. AND HONORABLE ELLEN
SHIRER KOVACH, JUDGE PRESIDING

August 30, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS;**
**MOTION TO WITHDRAW GRANTED**
> **SMC**
> **MEJ**
> **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Anne M. Wallis
Molly M. Massey

COUNSEL FOR DEFENDANT/APPELLANT,
BRIAN PAUL DEWHIRST
Bertha M. Hillman

**CHEHARDY, C.J.**

Defendant, Brian Paul Dewhirst, appeals the sentence imposed by the district court pursuant to the revocation of his probation. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she has thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v.California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After a thorough review of the record, we agree with counsel's assessment of the case, affirm defendant's sentences, and grant appellate counsel's motion to withdraw as counsel of record for defendant.

*Procedural History*

On September 30, 2020, the State filed a bill of information charging defendant, Brian Paul Dewhirst, with third offense driving while intoxicated, a violation of La. R.S. 14:98(A) and La. R.S. 14:98.3(A).[1] Defendant initially pled not guilty *in absentia* to the charge. He was subsequently recommended for, and was accepted into, drug court. On August 27, 2021, in order to comply with the requirements of drug court, defendant withdrew his not guilty plea and entered a plea of guilty as charged. That same day, the district court conducted a *Boykin*[2] examination, accepted defendant's guilty plea, and deferred imposition of sentence pending defendant's successful completion of drug court. Defendant then entered

---

[1]  The bill of information provides that defendant was previously convicted of driving while intoxicated on April 13, 2017, in Denton County, Texas, and on March 12, 2019, in Jefferson Parish, Louisiana.

[2]  *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

the Jefferson Parish Intensive Drug Program (JPID) and was placed on active supervised probation for five years.

On September 27, 2021, after defendant failed to comply with the requirements of drug court, the State filed a motion to revoke from JPID and to impose sentence. At the hearing held on August 23, 2022, defendant stipulated to the grounds of his probation revocation, and his probation was revoked. Upon doing so, the district court advised defendant that the sentencing range for a third offense driving while intoxicated was not less than one year and not more than five years at hard labor. After conducting a *Boykin* examination, in conformity with a plea agreement, the district court sentenced defendant to five years with the Department of Corrections, with credit for each day actually served pursuant to La. C.Cr.P. art. 880. The district court noted that "defendant [was] not to receive credit for [the thirty days] served while on sanctions for drug court," pursuant to statute.

On August 30, 2022, seven days following the probation revocation hearing, defendant filed a *pro se* request for appeal. On September 6, 2022, the district court granted an out-of-time appeal, and appellate counsel was assigned to represent defendant.

### Assignment of Error

No errors are assigned.

### Preliminary Issue

Before considering defendant's appeal, we first address a preliminary jurisdictional issue.

Louisiana jurisprudence generally holds that a judgment revoking probation is not appealable but is subject to an appellate court's supervisory jurisdiction. *State ex rel. Clavelle v. State*, 02-1244 (La. 12/12/03), 861 So.2d 186, 187; *State v. Lewis*, 17-663 (La. App. 5 Cir. 4/11/18), 244 So.3d 645, 848; *State v. Hoskins*, 09-

476 (La. App. 5 Cir. 4/27/10), 40 So.3d 199, 201. This Court's jurisprudence, however, distinguishes review of the probation revocation itself versus review of the sentence imposed pursuant to the probation revocation. *See Hoskins*, 40 So.3d at 201-02, (finding that because the defendant challenged the sentence imposed pursuant to the probation revocation, and not the merits of the revocation, this Court's appellate jurisdiction attached); *see also State v. Edwards*, 08-1527 (La. App. 3 Cir. 3/4/09), 11 So.3d 1 ("While La. C.Cr.P. art. 812(C)(1) provides that a defendant may appeal a final judgment imposing sentence, Defendant questions the merits of the probation revocation, not the sentence imposed."). Thus, while a probation revocation is only reviewable under supervisory jurisdiction, a sentence imposed pursuant to that probation revocation is reviewable on appeal.

This jurisprudence as applied to the present case is complicated by the vagueness of defendant's *pro se* motion for appeal and the lack of a *pro se* appellant brief. In his motion for appeal, defendant did not assign any specific errors, but merely indicated that he wished to appeal, that he was indigent, and that he sought appointment of appellate counsel. And, with the filing of an *Anders* brief, it is not clear what defendant seeks to appeal. To the extent defendant is appealing his probation revocation, that ruling is not subject to our appellate jurisdiction. If, on the other hand, defendant is appealing the sentence imposed pursuant to that probation revocation, the jurisprudence indicates that this Court has jurisdiction to review his sentence on appeal.

Confronted with how to interpret defendant's motion for appeal, rather than interpret it in such a way so as to foreclose our appellate jurisdiction, in the interest of justice, we choose to presume that defendant is appealing a matter that is in fact appealable, and which he timely appealed: his sentence imposed on August 23, 2022. *See State v. Lewis*, 17-663 (La. App. 5 Cir. 4/11/18), 244 So.3d 845, 848; *State v. Pabst,* 18-1395 (La. App. 1 Cir. 4/23/19), 276 So.3d 1018, 1020 n.1. With

this in mind, we now turn to consider the brief filed by defendant's appellate counsel in conformity with *Anders*, *supra*.

## *Factual Background*

Because defendant entered a guilty plea, the facts underlying his conviction were not developed at a trial. However, at the time of the plea, the State informed the district court that had the State proceeded to trial, it would have proved beyond a reasonable doubt that defendant, while in the Parish of Jefferson on July 9, 2020, having been twice convicted of driving while intoxicated, he willfully and unlawfully operated a motor vehicle while intoxicated in violation of La. R.S. 14:98.3 (A), third offense driving while intoxicated. The State provided that defendant had been previously convicted of driving while intoxicated on April 13, 2017, in Denton County, Texas, and again on March 12, 2019 in Jefferson Parish, Louisiana.

## *Anders Brief*

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her client's case to be wholly frivolous after a conscientious examination of the record. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a

detailed explanation of why the motions or objections lack merit. *Jyles*, 704 So.2d at 241. The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

### *Discussion*

Defendant's appellate counsel asserts in her brief that after a detailed review of the district court record, she could find no non-frivolous issues to raise on appeal. Counsel provides that because a sentence has been imposed, the judgment is final and appealable. Counsel recounts the pertinent procedural history of this case dating back to its inception in 2020, and contends that she can find no ruling of the district court that arguably supports the appeal. Specifically, counsel provides that the record shows that during the colloquy, the district court explained to defendant each of the rights necessary to ensure a voluntary, knowing and intelligent waiver of rights. The district court advised defendant of his *Boykin* trilogy of rights, informed him that the State would be required to prove his guilt beyond a reasonable doubt, and that by tendering a plea of guilty, he was waiving

his right to appeal. She states that the district court further explained to defendant that a plea of guilty to a felony could affect his right to vote and his right to bear arms, as well as college admission, financial aid, public housing benefits, employment, licensing restrictions, and the standard of proof for probation and parole violations. Appellate counsel claims the district court explained to defendant the requirements to successfully complete drug court and the conditions of his parole. She states that defendant was represented by counsel at the probation revocation hearing and that he signed a waiver of rights form.

Appellate counsel avers that the district court determined that defendant had the mental capacity to understand the charge and the constitutional rights he was waiving. Moreover, with respect to the sentence that would be imposed for the offense to which defendant was pleading guilty, counsel contends the district court had agreed to sentence him to a term between one to five years at hard labor. The district court sentenced defendant to five years at hard labor in conformity with the plea agreement.

Appellate counsel avers that the bill of information indicates that defendant was properly charged. As required, it plainly and concisely states the essential facts constituting the offense charged. Additionally, it sufficiently identifies defendant, as well as the crime charged in accordance with La. C.Cr.P. arts. 462-466. Counsel avers the record shows that there are no appealable issues involving defendant's presence. The record indicates he was present and represented by counsel at all crucial stages of the proceedings against him, including his arraignment, revocation hearing, and sentencing. Further, the record shows that the district court sentenced defendant after the proper delays and imposed the sentence in conformity with the plea agreement. Accordingly, appellate counsel contends that defendant is now restricted by law from appealing his conviction and sentence.

Appellate counsel has filed a motion to withdraw as attorney of record stating that she prepared an *Anders* brief and notified defendant of his right to file a *pro se* brief in this Appeal. Additionally, this Court sent defendant a certified letter informing him that an *Anders* brief had been filed and that he had until March 12, 2023, to file a *pro se* supplemental brief. Defendant did not file a *pro se* supplemental brief.

In response, the State contends that appellate counsel's brief complies with the procedures for filing an *Anders* brief, and agrees with counsel that, as shown by the record, there are no non-frivolous issues for appeal. The State further contends that, during the *Boykin* examination, Mr. Dewhirst was informed of his trilogy of rights, after which he indicated that he understood them and wished to waive them. The State asserts that the colloquy and the waiver form both confirm that defendant's guilty plea was entered into freely and voluntarily, and that he had not been forced, coerced, or threatened to enter his plea. The State contends defendant was present and represented by counsel at all crucial stages of the proceedings. The State further notes that defendant was properly charged and that the bill of information plainly and concisely informed defendant of the essential facts constituting the offense charged. Additionally, with respect to the sentence handed down by the district court, the State contends that it was handed down in conformity with the plea agreement. The State notes that the sentence imposed falls within the sentencing range prescribed by statute. The record shows that defendant was informed of the minimum sentence and the maximum sentence that could be imposed upon his guilty plea. The State concludes that because appellate counsel's brief demonstrates by full discussion and analysis that she has complied with the requirements of *Anders*, and agrees that there are no non-frivolous issues to raise on appeal, the motion to withdraw should be granted.

As discussed above, our jurisdiction limits our review only to the sentence imposed on August 23, 2022, and thus, our independent review of this record in accordance with *Anders* is correspondingly limited. In their respective briefs, both appellate counsel and the State note that defendant was sentenced in accordance with his plea agreement and that the sentence imposed was within statutory limits. Our independent review of the record confirms appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal stemming from defendant's sentence imposed on August 23, 2022.

Furthermore, our review of defendant's sentence is limited by the fact that he pled guilty in this case. Pursuant to Louisiana law, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2(A)(2); *State v. Windgerter*, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Here, defendant's sentence for third offense driving while intoxicated was imposed in accordance with the terms of his plea agreement as set forth in the record at the time of his plea. In any event, we note that the sentence falls within the sentencing range set forth in the statute in effect at the time of the offense. *See* La. R.S. 14:98.3(A).

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for non-frivolous appeal, and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is hereby granted.

### *Errors Patent*

The portion of the record relating to defendant's sentence has been reviewed for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312

So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). The following requires corrective action.

The record reflects that, pursuant to La. R.S. 14:98.3(A), the district court imposed a sentence that is illegally lenient for several reasons. First, the record fails to reflect that defendant was ordered to install an interlock device on his vehicle pursuant to La. R.S. 14:98.3(3)(d)(i). Additionally, La. R.S. 14:98.3(A)(1) states that on a conviction of a third-offense violation of La. R.S. 14:98, the offender shall be fined two thousand dollars and shall be imprisoned, with or without hard labor, for not less than one year nor more than five years. Except as provided in Paragraph (2) of this Subsection, at least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:98.3(A)(2) states that the one-year period described in paragraph one, which shall otherwise be imposed without the benefit of parole, probation, or suspension of sentence, may be suspended if the offender is accepted into a drug division probation program. Here, the district court did not impose the restriction of benefits pursuant to La. R.S. 14:98.3(1). While defendant was accepted into a drug division probation program and received the suspension of the restriction of benefits pursuant to La. R.S. 14:98.3(A)(2), when his probation was revoked and he was sentenced, the district court failed to impose the restriction of benefits required by La. R.S. 14:98.3(A)(1). *See State v. Rimmer*, 16-649 (La. App. 5 Cir. 5/17/17), 222 So.3d 948, 950-956.

Generally, when a district court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. *State v. Shelby*, 19-186 (La. App. 5 Cir. 12/27/18), 263 So.3d 1223, 1228. However, in the instant case, the district court's failure to impose the statutory restrictions is not cured by La. R.S. 15:301.1 because the statute states that "at least one year of the sentence imposed shall be served without benefit of parole,

probation, or suspension of sentence," and therefore, the portion of the sentence to be served without benefits is left to the discretion of the district court. Therefore, we remand the matter to the district court for resentencing with instructions to impose defendant's sentence in accordance with the provisions of La. R.S. 14:98.3(A)(1) only as it relates to the restriction of benefits. *See Shelby*, 263 So.3d at 1228-29.[3]

The district court also failed to impose the mandatory fine. This Court has previously exercised its discretion to decline to correct an illegally lenient sentence in the case of an indigent defendant. *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1249. Here, defendant is represented by the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases. Therefore, due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fine. *State v. Bradley*, 22-191 (La. App. 5 Cir. 12/21/22), 356 So.3d 485, 505.

## *DECREE*

For the foregoing reasons, defendant's sentence is affirmed and the matter is remanded to the district court for resentencing with instructions to impose defendant's sentence in accordance with the provisions of La. R.S. 14:98.3(A)(1) only as it relates to the restriction of benefits. Appellate counsel's motion to withdraw as counsel of record is granted.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED**

---

[3] In *Shelby*, the district court did not impose the restriction of benefits as to the conviction of possession with the intent to distribute MDMA, and the portion of the sentence to be served without benefits was left to the discretion of the district court. This Court remanded the matter for resentencing with instructions to the district court to impose the defendant's sentence in accordance with the provisions of the statute only as it related to the restriction of benefits.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 30, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-30

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
MOLLY M. MASSEY (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053