HANS J. LILJEBERG, Judge.
[¡¡Defendant appeals his conviction and sentence for violation of La. R.S. 40:967(C). For the following reasons, we affirm.

Procedural History

On April 4, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Aaron Harrell,[1] with aggravated flight from an officer, a violation of La. R.S. 14:108.1(0; resisting a police officer with force or violence, a violation of La. R.S. 14:108.2; and two counts of possession of cocaine, violations of La. R.S. 40:967(C). Defendant pleaded not guilty to all charges. The State subsequently dismissed all counts of the information with the exception of count three, La. R.S. 40:967(C), possession of cocaine. The trial court denied defendant’s motion to suppress evidence, and on March 26, 2013, defendant was found guilty as charged by a six-person jury. Thereafter, defendant filed a motion for new trial which the court denied. On April 2, 2013, the State filed a multiple [¡¡offender bill of information pursuant to La. R.S. 15:529.1 alleging defendant to be a third felony offender.
On April 22, 2013, defendant was sentenced to two years with the Department of Corrections.[2] On that date, defendant *723 filed a motion for appeal that the district court granted. On July 22, 2013, the trial court conducted a multiple bill hearing and adjudicated defendant a third felony offender. Defendant’s original sentence was vacated and he was resentenced to five years with the Department of Corrections.[3] Defendant filed a motion for reconsideration of sentence that the court denied. On August 1, 2013, defendant filed a second motion for appeal that the trial court granted on that date. Defendant’s appeal follows.

Facts

Deputy Richard Cross testified that he was employed by the Jefferson Parish Sheriff’s Office for approximately six years, working primarily in the First District, which included the area of Andover and Shrewsbury that he described as a “high drug trafficking area.” Deputy Cross was working on February 22, 2012, at approximately 3:11 a.m., when he saw a truck coming toward him with a headlight out, which prompted him to make a stop of the vehicle for the traffic offense. Deputy Cross circled behind the vehicle in his marked unit and activated his lights and siren. The truck then continued to travel for several blocks before coming to a stop. At that point, Deputy Cross pulled behind the truck and gave a verbal command for the driver to exit the vehicle. The driver complied and placed his hands on the rear of the truck. Deputy Cross also ordered the passenger out of the |4vehicle and he complied; however, when Deputy Cross later returned his attention to the passenger, he was no longer present. When Deputy Cross looked underneath the vehicle, he observed the passenger running and gave chase on foot. Deputy Cross chased the passenger for approximately one block when the man tripped over his own pants.
After a brief struggle, Deputy Cross placed the passenger under arrest and briefly patted him down for officer safety. Deputy Cross did not locate any weapons. The passenger was handcuffed, advised that he was under arrest, read his Miranda[4] rights, and walked to Deputy Cross’ police unit. In court, Deputy Cross identified the passenger as the defendant.
Deputy Justin Remes testified that he was working for the Jefferson Parish Sheriffs Office in the early morning hours of February 22, 2012, when he responded to a call initiated by Deputy Cross at the intersection of Arnoult and Sam Lenox. Deputy Remes assumed responsibility for defendant, who was detained by Deputy Cross, and prepared him for transport. Upon conducting a search incident to arrest of defendant, Deputy Remes seized a “white rock-like substance” from his pocket. Deputy Remes testified that the substance was “free” and “uncontained.” Deputy Remes placed the substance into a latex glove and gave it to a crime scene technician. Deputy Remes relayed all of his findings to Deputy Cross, who then authored a report. Deputy Remes identified defendant in court.
Pamela Williams-Cyprian testified that she is a forensic scientist with the Jefferson Parish Sheriffs Office Crime Laboratory with almost 24 years of experience. Her current assignment is in the forensic chemistry section as a drug analyst. Ms. Cyprian stated that she previously tested the substance that was in |5court that day, then recounted the chain of custody for that evidence. The substance was provid *724 ed to her for forensic chemical analysis and she generated a report in connection with its testing. After removing a small amount of the sample and testing it, Ms. Cyprian concluded in her report that the substance contained cocaine.
Ms. Cyprian described the procedure used for testing the specimen, and explained that she re-tested the specimen the day prior to trial. No conflict existed between the conclusions in her report and the report previously generated by analyst, Jaslyn Powell.
The defense rested without calling any witnesses.

Assignment of Error

Appellant asserts that the trial court erred in preventing defendant from presenting a defense; thus, the trial court should have granted defendant a new trial.

Discussion

Appellant contends that the trial court erred in failing to permit defendant to subpoena two police officers in support of his theory that the vehicle stop was actually a pretext for an opportunity for law enforcement to coerce him to testify as a witness in an unrelated matter. In response, the State argues that the trial court properly excluded the potential witnesses on the basis of relevance and that their purported testimony would have no probative value.
Immediately prior to trial, defense counsel addressed the court in the context of discussing preliminary matters.
DEFENSE COUNSEL:
One additional issue, Your Honor. I have two police officers I subpoenaed from incidents two days — the day before and two days pi’ior to this incident that’s not the same police officers, but I believe the incidents are interrelated. Mr. Paciera [The State] disagrees with 16me, and he objects to my calling those officers. And we decided we would confront you with this at this time because he needs to contact the officers.
THE COURT:
Well, were these officers involved in the stop?
DEFENSE COUNSEL:
No, sir.
THE COURT:
Then what would their relevance be to the testimony of whether or not he [defendant] possessed cocaine?
DEFENSE COUNSEL:
Your Honor, it’s my position that the purpose of the stop was to get to Mr. Harrell because he was a witness to a shooting two days before, and the reports show that the officers interviewed him at the scene. He gave his name and information.
The next day they went to his house and were looking for him. He wasn’t there. They got consent to search, found nothing, but the very next day he was pulled over in a traffic stop. And it’s my position that he was pulled over in a traffic stop because they actually wanted to get Mr. Harrell. And that is a portion of my defense.
THE STATE:
He wasn’t even the driver of the car. I don’t think they had a way of knowing that he was in the car. So everything that happened before to me is irrelevant and inadmissible, and it would also paint the defendant as being more dangerous than I’m presenting if we talk about shootings.
THE COURT:
Well, but the problem is is [sic] that whether or not he possessed cocaine, if we found that this was a valid stop, it doesn’t really — it’s not relevant as to whether or not — if we had the argument *725 and you got to the point where you’re saying they had no probable cause for this stop, but if we’ve already addressed whether or not this stop was a valid stop and it was determined to be valid, then anything that happened prior to that is irrelevant.
I would tend to agree with Mr. Paci-era on that issue. If, you know, and because of the valid stop they found that he possessed cocaine, that’s the only issue that’s before the Court today.
DEFENSE COUNSEL:
Please note my objection.
Following his conviction, defendant filed a motion for new trial arguing that he should be granted a new trial to serve the ends of justice. See La.C.Cr.P. art. |7851(5). In his motion, defendant again asserted that the trial court negatively impacted his defense by denying him the opportunity to present witnesses in support of his theory that the initial stop was a pretense to coerce his testimony in another case. At the hearing on the motion for new trial, defense counsel argued:
DEFENSE COUNSEL:
... The motion for new trial is a request for new trial based on the witnesses that we were not allowed to call that would support the bias and motive of the officers to have pulled Mr. Harrell over. And so therefore, on that basis, we would request that you would reconsider and give him a new trial.
The trial court thereafter denied the motion.
The grant or denial of a motion for new trial to serve the ends of justice presents a question of law subject to appellate review for an abuse of discretion. State v. Guillory, 10-1231 (La.10/8/10), 45 So.3d 612, 615. For the following reasons, we find that the trial court did not abuse its discretion in denying the motion for new trial.
Both the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution (1974) guarantee a criminal defendant the right to present a defense. State v. Lewis, 01-1084 (La.App. 5 Cir. 3/13/02), 815 So.2d 166, 171, writ denied, 02-1053 (La.11/15/02), 829 So.2d 424. However, this right does not require a trial court to permit the introduction of evidence that is irrelevant or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 351. All relevant evidence necessary to the defense must be presented for a full adjudication. State v. Vigee, 518 So.2d 501, 504 (La.1988).
Relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable lsor less probable than it would be without the evidence.” La. C.E. art. 401. All relevant evidence is admissible, except as limited by the Code of Evidence and other laws, and all irrelevant evidence is inadmissible. La. C.E. art. 402. A trial judge, in deciding the issue of relevancy, must determine whether the evidence bears a rational connection to the facts at issue in the case. State v. Chester, 97-2790 (La.12/1/98), 724 So.2d 1276, 1287, cert. denied, 528 U.S. 826, 120 S.Ct. 75, 145 L.Ed.2d 64 (1999).
Although relevant, however, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. See La C.E. art. 403. A trial *726 court’s determination regarding the relevancy and admissibility of evidence should not be overturned on appeal absent a clear abuse of discretion. State v. Lyles, 03-141 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 44.
Here, Deputy Cross testified that he effected a traffic stop of the vehicle in which defendant was a passenger for an unilluminated headlight. See La. R.S. 32:301. The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by La.C.Cr.P. art. 215.1 as well as both state and federal jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195, 1198 (La.1983). Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. State v. Waters, 00-356 (La.3/12/01), 780 So.2d 1053, 1056, citing Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. Whren, 517 U.S. at 813, 116 S.Ct. Rat 1774 (“Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.”). Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. See, e.g., State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, 516 (failure to come to a complete stop at a stop sign); State v. Dixon, 30,495 (La.App. 2 Cir. 2/25/98), 708 So.2d 506, 507 (traveling less than a car length behind lead vehicle); State v. Duran, 96-602 (La.App. 5 Cir. 3/25/97), 693 So.2d 2, 3 (failure to signal before changing lanes).
At both the motion to suppress hearing and trial, Deputy Cross testified that he effected a traffic stop of the vehicle in question upon observing the vehicle with an unilluminated headlight, which is a violation of La. R.S. 32:301. Therefore, the unilluminated headlight gave the deputy an objective basis, or probable cause, to effect the stop of the vehicle. Even assuming Deputy Cross used the traffic stop as a pretext, the constitutional reasonableness of a traffic stop does not depend on an individual officer’s subjective motivation. See Whren, supra at 1774. Therefore, Deputy Cross’ alleged subjective intent to stop defendant to coerce him to testify in an unrelated matter is irrelevant as the trial court correctly ruled. Moreover, Deputy Cross would have had no knowledge of defendant’s presence as a passenger in the vehicle when effecting the traffic stop. Further, any reference to the unrelated shooting to which defendant had knowledge or involvement could have been prejudicial to defendant and would outweigh any probative value at trial.
Accordingly, we find that the trial court properly precluded defendant from subpoenaing the officers to testify regarding the prior incident. As such, the trial court properly denied defendant’s motion for new trial.
This assignment of error is without merit.
| wError Patent Discussion
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). A review of the record reveals no errors patent requiring corrective action.

*727
Decree

Considering the foregoing, defendant’s conviction and sentence are affirmed.

AFFIRMED.

. Co-defendant, Tedrick A. Carter, was also charged in the bill of information, but was not tried in the same proceeding.

. The record reflects that additionally on that date, defendant pleaded guilty to the misdemeanor charge of misrepresentation during booking, a violation of La. R.S. 14:133.2. That conviction, however, is presently not before this Court on appeal.

. A sentence committing a defendant to the Department of Corrections is necessarily at hard labor. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, at FN2.

. Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).