CHAISSON, J.
| defendant, Willie B. Rimmer, Jr., appeals his conviction and sentence for driving while intoxicated, third offense. For the reasons that follow, we affirm defendant’s conviction, vacate the sentence, and remand the matter with instructions. We also grant appellate counsel’s motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On October 9,2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with driving while intoxicated, third offense, in violation of La. R.S. 14:98(A) and 14:98.3(A). At the December 11, 2015 arraignment, defendant pled not guilty. Defendant thereafter filed pre-trial motions, including motions to suppress evidence and statement. On July 1, 2016, the trial court heard and denied defendant’s motions to suppress. The matter proceeded to trial before a six-person jury on July 26, 2016. After considering the evidence presented, the jury found defendant guilty as charged.
Subsequently, on July 29, 2016, the trial court sentenced defendant to five years imprisonment, with four years to be served at hard labor and with one year of the sentence suspended.[1] The trial court placed defendant on active probation for one year upon his release from prison. As conditions of probation, the trial court ordered defendant to complete two hundred forty hours of community service, complete a driver improvement program, obtain employment, and participate in either an evaluation in an inpatient/outpatient substance abuse treatment program or in a court-approved substance abuse program. Defendant was further placed on home incarceration for the term of his probation. In addition, the trial court |2ordered defendant to pay a fine of two thousand dollars. Defendant thereafter filed a motion to reconsider sentence, which was denied. This timely appeal followed.
FACTS
During the early morning hours of July 19, 2015, Sergeant Donald Clogher, a patrol officer with the Jefferson Parish Sher *951 iff s Office, was positioned in a parking lot in the 400 block of Ames Boulevard. As he was attempting to exit the parking lot, he observed a truck traveling at night without its headlights on. Sergeant Clogher waited in the parking lot to give the motorist the opportunity to turn on the headlights; however, he did not. The officer additionally observed that the truck was traveling without its taillights illuminated. At that point, Deputy Clogher exited the parking lot, pulled behind the truck, and initiated a traffic stop.
Sergeant Clogher approached the vehicle and advised the driver, subsequently identified as defendant, that he did not have the headlights illuminated. Defendant debated this fact, exited his truck, and walked to the front of his vehicle to confirm that he did have the lights on. During his interaction with defendant, Sergeant Clogher “noticed that he had some alcohol on his breath” and was “unsteady on his feet.” Based on these observations, Deputy Clogher believed that defendant was intoxicated and asked for his driver’s license. As defendant was retrieving his license, Trooper Jason Bourgeois of the Louisiana State Police pulled up to assist and took over the investigation, as he had more experience and training with handling driving while intoxicated investigations.
As Trooper Bourgeois approached defendant, he smelled “the odor of alcohol coming off of him” and also observed that defendant was “unsteady on his feet” and had slurred speech. Believing that defendant may be impaired, Trooper Bourgeois conducted standardized field sobriety testing.[2] Trooper Bourgeois first administered the horizontal gaze nystagmus test, which defendant “failed with both |seyes.” Specifically, Trooper Bourgeois noted the lack of smooth pursuit in both of defendant’s eyes and the presence of all six indicators of intoxication. Trooper Bourgeois then instructed defendant as to the walk-and-turn test; however, during the instructions, defendant advised the trooper that he did not want to do any more of the tests and to just arrest him. At that point, Trooper Bourgeois advised defendant of his Miranda[3] rights and that he was under arrest for driving while intoxicated.
Trooper Bourgeois transported defendant to the Jefferson Parish Correctional Center, at which time he advised defendant of his rights relating to chemical testing for intoxication. According to Trooper Bourgeois, defendant appeared to understand his rights and thereafter submitted to the Intoxilyzer test. The results of that test registered defendant’s blood alcohol concentration at .221. Trooper Bourgeois then conducted an interview with defendant, in which defendant stated that he was operating a motor vehicle, that he was coming from “the club,” and that he had been drinking.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110,[4] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. *952 California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record -to determine whether the appeal |4is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He detailed the procedural history of the case and set forth the facts as brought put at trial. Further, appellate counsel reviewed the record of the proceedings, including the bill of information, the trial court’s rulings on defendant’s pre-trial motions to suppress, and the sufficiency of the evidence presented at trial. Based on his review of the entire record, appellate counsel concluded that he has found no issues that would support an appeal of defendant’s conviction and sentence.
Along with his brief, defendant’s appellate counsel has filed a motion to withdraw as attorney of record which states that he has prepared an appellate brief in compliance with Anders and that he has notified defendant of the filing of the motion to withdraw as attorney of record and of his right to file a pro sé brief in this matter. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 20, 2017, to file a supplemental brief, which deadline was extended to April 6, 2017. Defendant has filed a pro se brief, in which he raises issues relating to the suppression hearing and the sufficiency of the evidence used to convict him.
This Court has performed' an independent review of the appellate record, including the pleadings, minute entries, bill of information, and transcripts. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also 1 ^sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 463-466. Further, as reflected' by the minute entries, defendant appeared at all crucial stages of the proceedings against him.
With regard to pre-trial motions, our review of the record supports appellate counsels.assessment that the trial court’s rulings on defendant’s motions to suppress evidence and statement do not present any issues for appellate review. At the suppression hearing, defendant argued that the initial stop was illegal; therefore, all resulting evidence, including the Intoxilyzer results should be suppressed. Defendant also argued that he was not properly advised of his rights; thus, any statements he made should be suppressed. After considering the evidence presented at the suppression hearing and the arguments of counsel, the trial court denied defendant’s motions to suppress, finding that there, was probable cause for the traffic stop and that defendant was advised of his Miranda rights. The record supports this determination.
Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. The standard is a purely objective one that does not take into ac *953 count the subjective beliefs or expectations of the detaining officer. Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. State v. Harrell, 13-662 (La.App. 5 Cir. 3/26/14), 138 So.3d 721, 726.
With regard to the stop of defendant’s vehicle, the evidence at the suppression hearing reflected that defendant was driving his vehicle at night without the headlights or taillights illuminated. Specifically, Sergeant Clogher testified that he initiated a traffic stop of the truck being driven by defendant because it was traveling at night without headlights or taillights. La. R.S. 32:3031 flrequires headlamps on motor vehicles, and La. R.S. 32:304 requires tail lamps on motor vehicles. La. R.S. 32:301 governs the operation of lights on vehicles and requires that every vehicle upon a highway within this ' state shall display lighted lamps and illuminating devices at any time between sunset and sunrise.[5]
Therefore, defendant’s driving the truck at night without illuminated lights provided the officer with an objective basis, or probable cause, to effect the stop of the vehicle. See State v. Walker, 03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, writ denied, 03-2343 (La. 2/6/04), 865 So.2d 738 (where this Court found that the police clearly had reasonable cause to stop the. defendant’s vehicle because it was being operated without headlights as required by statute) and State v. Harrell, 138 So.3d at 726 (where this Court concluded that an unilluminated headlight gave the deputy an objective basis, or probable cause, to stop the vehicle).
In challenging the validity of the stop at the suppression hearing, defendant focused on the fact that there was no proof, such as a photograph or video, that his lights were not illuminated. However, the lack of this form of evidence is of no consequence; the State presented evidence through the undisputed testimony of Sergeant Clogher that defendant was operating his vehicle at night without the headlights or taillights illuminated. See State v. Gomez, 06-417 (La.App. 5 Cir. 11/28/06), 947 So.2d 81(where this Court found that the initial stop of the defendant was legal based on the officer’s observations of traffic violations, namely that the defendant was driving at night without illumination of his vehicle’s taillights and that defendant was not wearing a seat-belt).
At the suppression hearing, defendant also argued that his statements should be suppressed because he was not advised of his Miranda rights. Defendant particularly focused on the fact that his signature was not on the rights form that was executed prior to the administration of the Intoxilyzer test. The evidence | presented at the suppression hearing does not support defendant’s argument. Trooper Bourgeois testified that as he was giving defendant the instructions for the walk-and-turn test, defendant kept “falling over” and then indicated that he did not wish to continue with the tests. At that point, Trooper Bourgeois arrested defendant and verbally advised him of his Miranda rights. Trooper Bourgeois also testified that defendant acknowledged that he understood his rights. Defendant was again advised of his rights once he was transported to the Jefferson Parish Cor *954 rectional Center. Trooper Bourgeois testified that prior to administering the Intoxi-lyzer test, he went over the rights form with defendant and advised him of his rights relating to the chemical test. Trooper Bourgeois explained that although he was able to sign the form, because his signature is in the computer system, defendant was unable to sign the electronic form because the pen pad at the correctional center was not working.[6] However, Trooper Bourgeois maintained that defendant verbally advised him that he understood his rights.
Based on the foregoing, we agree with appellate counsel’s assertion that the trial court’s rulings on defendant’s motions to suppress evidence and statement do not present any issues for appellate review.
With regard to the jury trial, the record reflects that both the jury composition and the jury verdict were proper. Additionally, as acknowledged by appellate counsel, the evidence presented at trial was sufficient to support defendant’s conviction for driving while intoxicated, third offense.
In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a ^reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Reeder, 15-68 (La.App. 5 Cir. 8/25/15), 189 So.3d 401, 406.
Defendant was convicted of driving while intoxicated, third offense.[7] In order to convict an accused of driving while intoxicated, the State must prove that the defendant was operating a vehicle and was under the influence of alcohol or drugs. State v. Cowden, 04-707 (La.App. 5 Cir. 11/30/04), 889 So.2d 1075, 1082, writ denied, 04-3201 (La. 4/8/05), 899 So.2d 2. To convict a defendant of a third offense of driving while intoxicated, the State must also show that the defendant had two other valid convictions for driving while intoxicated. State v. Reeder, 189 So.3d at 407.
In the present case, the evidence presented at trial was clearly sufficient to support defendant’s conviction. Sergeant Clogher testified that on July 19, 2015, he observed a truck traveling at night without the lights illuminated. The officer thereafter pulled the truck over for a traffic violation and determined that the truck was being driven by defendant. During the course of the traffic stop, Sergeant Clo-gher smelled alcohol on defendant’s breath and noticed that he was “unsteady on his feet.” Trooper Bourgeois, who took over the stop upon his arrival at the scene, also smelled alcohol on defendant and observed that defendant was “unsteady on his feet” and had slurred speech.
Based on his observations, Trooper Bourgeois commenced standardized field sobriety testing. Trooper Bourgeois first administered the horizontal gaze nystag-mus test, which defendant “failed with *955 both eyes.” Thereafter, as Trooper Bourgeois instructed defendant on the walk- and-turn test, defendant advised the | ¡itrooper that he did not want to do any more of the tests. Defendant was arrested and brought to the Jefferson Parish Correctional Center, at which time an Intoxi-lyzer test was administered to him. The results of that test showed that defendant had a blood alcohol concentration of .221, a level above the statutory legal limit.
Further, the State presented evidence that defendant had two other valid driving while intoxicated convictions. At trial, the State introduced two certified conviction packets that showed that defendant was convicted on July 25, 2006, of driving while intoxicated, second offense, and on August 3, 2012, of driving while intoxicated, third offense. In addition, Joel O’Lear, a latent fingerprint examiner with the Jefferson Parish Sheriffs Office, testified at trial that he compared defendant’s fingerprints with the fingerprints contained in the two certified conviction packets and concluded that defendant’s fingerprints and the ones contained in the conviction packets were “created by one and the same individual.”
In light of the foregoing, we find that the evidence was sufficient under the Jackson standard to support defendant’s conviction of driving while intoxicated, third offense. Having found no non-frivolous issues for appeal regarding defendant’s conviction based on our review of the record, we now turn our attention to the issues raised by defendant in his supplemental brief.
PRO SE ASSIGNMENTS OF ERROR
In his first assigned error, defendant seeks to renew his motion to suppress “on the ground that it was unconstitutionally obtained.” Defendant alleges that he was not advised of his rights, pointing to Sergeant Clogher’s testimony that he did not read defendant his rights. He further asserts that there is “no proof of the Miranda rights in the discovery.” This argument has no merit. As previously discussed, the evidence reflects that Trooper Bourgeois advised defendant of his I! plights at the time of his arrest and also advised him of his rights relating to chemical testing once defendant was transported to the correctional center.
Defendant’s remaining assignments of error seemingly challenge the sufficiency of the evidence used to convict him. Without much elaboration, defendant asserts that there is no 9-1-1 call, no video or pictures of the traffic stop, and no exact time of the stop. Defendant appears to suggest that without this evidence, there is no corroboration for Sergeant Clogher’s testimony regarding the traffic stop and his encounter with defendant. First, the factors pointed out by defendant are not relevant to a determination of the sufficiency of the evidence used to convict him of driving while intoxicated. Moreover, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. State v. Dixon, 07-915 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 153, writ denied, 08-987 (La. 1/30/09), 999 So.2d 745. To the extent that defendant attacks the credibility of the witnesses at trial, it is well settled that the credibility of the witnesses is within the sound discretion of the trier of fact, and the credibility of the witnesses will not be reweighed on appeal. State v. Martin, 11-160 (La.App. 5 Cir. 12/28/11), 83 So.3d 230, 236.
As stated previously, the evidence presented at trial clearly established the elements of the offense beyond a reasonable doubt. Accordingly, we find no merit to the issues raised in defendant’s pro se supplemental brief.
*956 ERRORS PATENT REVIEW
In his -Anders brief, defendant’s appellate counsel requests an errors patent review. This Court routinely reviews the record for errors patent regardless of whether defendant makes- such a request. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Wetland, 556 So.2d 175 (La. App. 5th Cir. 1990).
InA review of the record reveals several errors with regard to defendant’s sentence. First, the record reflects that the trial court failed to impose all the conditions of home incarceration. Specifically, the trial court failed to make any mention of electronic monitoring, curfew restrictions, limitation of activities outside the home, or home visitation. See La. R.S, 14:98.3, La. R.S. 14:98.5(B)(3), and La. C.Cr.P. art. 894.2. Also, the record does not reflect that defendant was given a certificate of conditions of home incarceration, as required by La, R.S. 14:98.5(B)(3)(f) and La. C.Cr.P. art. 894.2(D).
This Court has previously found that such deficiencies render a sentence illegally lenient and has thereafter vacated the sentence and remanded the matter for re-sentencing in compliance with the applicable statutes. See State v. Mitchell, 15-524 (La.App. 5 Cir. 12/9/15), 182 So.3d 365, 377; State v. Hunter, 13-82 (La.App. 5 Cir. 7/30/13), 121 So.3d 782, 787; and State v. Delanueville, 11-379 (La.App. 5 Cir. 2/14/12), 90 So.3d 15, 28-30, writ denied, 12-630 (La. 9/21/12), 98 So.3d 325.
In addition, the record fails to reflect that defendant was ordered to install an interlock device on his vehicle, pursuant to La. R.S. 14:98.3(3)(d). Further, we note that the trial court did not impose the restriction that at least one year of the imposed sentence, be served without the bénefit of probation, parole, or suspension of sentence, in accordance with La. R.S. 14:98.3(A)(1),
In light of these deficiencies, we vacate defendant’s sentence and remand the matter for resentencing in accordance with the appropriate statutes.
Lastly, although the minute entry states that defendant was informed of the time restrictions for seeking post-conviction relief, the transcript' contains no advice of rights concerning the time limits for seeking post-conviction relief. Upon remand and at resentencing, the trial court is instructed to properly advise defendant of the prescriptive period under La. C.Cr.P. art. 930.8.
JjijDE CRE E
For the foregoing reasons, defendant’s conviction for driving while intoxicated, third offense, is affirmed. Defendant’s sentence is hereby vacated, and the matter is remanded for resentencing in accordance with this opinion. Further, we grant appellate counsel’s motion to withdraw as attorney of record for defendant. :
CONVICTION AFFIRMED; SENTENCE VACATED; MATTER REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

. In addition to the sentence for the felony offense, the trial court also sentenced defendant to thirty days for the misdemeanor offense of driving without taillights illuminated. The trial court ordered that defendant's sentences be served concurrently.

. Trooper Bourgeois testified that he is certified in standardized field sobriety tests and certified to use the Intoxilyzer.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

.In Bradford, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App, 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The record reflects that defendant was issued a citation for a violation of La. R.S. 32:304.

. The rights form indicates, by a check mark at the bottom, that defendant was "unable” to sign the form.

. La, R.S, 14:98(A) provides in pertinent part: (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle ... when any of the following conditions exist:
(a) The operator is under the influence of alcoholic beverages.
(b) The operator’s blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.